Exhibit A

*14954076*

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jill Vecchi, Esq. (299333)
3  **THE TURLEY & MARA LAW FIRM, APLC**
   7428 Trade Street
4  San Diego, California 92121
   Telephone: (619) 234-2833
5  Facsimile: (619) 234-4048

6  Attorneys for STEVEN DE LA CRUZ,
   on behalf of himself, all others similarly situated,
7  and on behalf of the general public.

**FILED**
ALAMEDA COUNTY

MAR 06 2017

CLERK OF THE SUPERIOR COURT
By _____
   JANIE THOMAS, Deputy

8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **IN AND FOR THE COUNTY OF ALAMEDA**

11  STEVEN DE LA CRUZ on behalf of      Case No. RG17851792
    himself, all others similarly situated,
12  and on behalf of the general public,
                                        **PLAINTIFF'S CLASS ACTION**
13  Plaintiffs,                         **COMPLAINT FOR DAMAGES,**
                                        **INJUNCTIVE RELIEF, DECLARATORY**
14  v.                                  **RELIEF, AND RESTITUTION**

15  THERMO FISHER SCIENTIFIC,
    INC.; and DOES 1-100,               1) **Failure to Pay All Straight Time**
16                                         **Wages;**
    Defendants.                         2) **Failure to Pay Overtime;**
17                                      3) **Failure to Provide Meal Periods (Lab.**
                                           **Code §§ 226.7, 512, IWC Wage Order**
18                                         **Nos. 9-1998, 9-2000, 9-2001(11); Cal.**
                                           **Code Regs., tit. 8 § 11090);**
19                                      4) **Failure to Authorize and Permit Rest**
                                           **Periods (Lab. Code § 226.7; IWC**
20                                         **Wage Order Nos. 9-1998, 9-2000, 9-**
                                           **2001(12); Cal. Code Regs. Title 8 §**
21                                         **11090);**
                                        5) **Knowing and Intentional Failure to**
22                                         **Comply with Itemized Employee**
                                           **Wage Statement Provisions (Lab.**
23                                         **Code §§ 226, 1174, 1175);**
24                                      6) **Failure to Pay All Wages Due at the**
                                           **Time of Termination of Employment**
25                                         **(Lab. Code §§201-203);**
                                        7) **Violation of Unfair Competition Law**
26                                         **(Bus. & Prof. Code § 17200, et seq.).**

27
                                        **DEMAND FOR JURY TRIAL**
28

BY FAX

Plaintiffs STEVEN DE LA CRUZ, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.     This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, STEVEN DE LA CRUZ, and all non-exempt, hourly workers who are presently or formerly employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.     At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC., and/or DOES have conducted business in Alameda County and elsewhere within California.

3.     At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC., and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.     At all times mentioned herein, the common policies and practices of THERMO FISHER SCIENTIFIC, INC., and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked. Specifically, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or

practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8.    For at least four years prior to filing of this action and through the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10.   For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest

period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11. For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

12. For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

13. For at least four years prior to the filing of this action and through to the present, THERMO FISHER SCIENTIFIC, INC., and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

14. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

15. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

16. THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to comply with Labor Code

section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

17. THERMO FISHER SCIENTIFIC, INC., and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

18. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of THERMO FISHER SCIENTIFIC, INC., and/or DOES duty owed to Plaintiff and the proposed class.

19. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

20. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES denial of wages and other compensation due to Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

21. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES each and collectively controlled the wages, hours, and working conditions of Plaintiff and the Class he seeks to represent, creating a joint-employer relationship over Plaintiff and the Class he seeks to represent.

22. Plaintiff STEVEN DE LA CRUZ, on behalf of himself and all of THERMO FISHER SCIENTIFIC, INC., and/or DOES Non-Exempt Employees, brings this action pursuant to

CLASS ACTION COMPLAINT        5

*California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

23.   Plaintiff STEVEN DE LA CRUZ, on behalf of himself and all putative Class Members of THERMO FISHER SCIENTIFIC, INC., and/or DOES non-exempt employees, pursuant to *California Business and Professions Code* sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits THERMO FISHER SCIENTIFIC, INC., and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.   VENUE

24.   Venue as to each Defendant, THERMO FISHER SCIENTIFIC, INC., and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES conduct business and commit Labor Code violations within Alameda County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Alameda County. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES employ numerous Class Members who work in Alameda County, in California.

## II.   PARTIES

A.   **Plaintiffs**.

25.   At all relevant times herein, Plaintiff STEVEN DE LA CRUZ is and was a resident of California. At all relevant times herein, he was employed by Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES within the last four years as a non-exempt, hourly worker in California.

26.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common

company policies of failing to pay all straight time and overtime wages owed.

27. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

28. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common policies and/or practices of failing to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

29. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

30. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

31. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with THERMO FISHER SCIENTIFIC, INC.,

and/or DOES was willful.

32. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

33. Plaintiff and the proposed class he seeks to represent are covered by, inter alia, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

**B.    Defendants.**

34. At all relevant times herein, THERMO FISHER SCIENTIFIC, INC., and/or DOES sell laboratory equipment, chemicals, supplies, and services used in healthcare, scientific research, safety, and education. THERMO FISHER SCIENTIFIC, INC. and/or DOES have employed hourly, non-exempt employees like Plaintiff STEVEN DE LA CRUZ throughout the statutory liability period to work in their facilities.

35. On information and belief, THERMO FISHER SCIENTIFIC, INC., and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

36. THERMO FISHER SCIENTIFIC, INC., and/or DOES principal place of business is in the State of California.

37. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

38.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

39.   Plaintiff brings this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

> All persons who are or have been employed by THERMO FISHER

SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours.

All persons who are or have been employed by THERMO FISHER

SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendant.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who were deducted wages for meal periods.

40.   Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to

amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

41. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.   Numerosity.**

42. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that THERMO FISHER SCIENTIFIC, INC., and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as THERMO FISHER SCIENTIFIC, INC. hourly non-exempt employees.

43. Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges THERMO FISHER SCIENTIFIC, INC., and/or DOES employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.   Commonality.**

44. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES violated the *Labor Code* and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

(2) Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES

uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(5)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(6)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(7)   Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(8)   The answer to each of these respective questions will

generate a common answer capable of resolving class-wide liability in one stroke.

45. Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.    Typicality.**

46. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by THERMO FISHER SCIENTIFIC, INC., and/or DOES common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

47. Plaintiffs STEVEN DE LA CRUZ was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as STEVEN DE LA CRUZ was subjected to the same unlawful policies and practices as all hourly non-exempts, his claims are typical of the class he seeks to represent.

**D.    Adequacy of Representation.**

48. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

49. Plaintiff is ready and willing to take the time necessary to help litigate this case.

50. Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

51. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

52. Specifically, William Turley, Esq. and David Mara, Esq. are California lawyers in good standing.

53. Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

54. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

55. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

56. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

57. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

58. Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

59. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

E.     **Superiority of Class Action.**

60. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of THERMO FISHER SCIENTIFIC, INC., and/or DOES illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

61. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management

1  of this action that would preclude its maintenance as a class action.

2  62. Because such common questions predominate over any individualized issues and/or

3  questions affecting only individual members, class resolution is superior to other methods

4  for fair and efficient adjudication.

5  **IV.  CAUSES OF ACTION**

6  **First Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or**

7  **DOES: Failure to Pay All Straight Time Wages**

8  63. Plaintiff and those similarly situated Class members hereby incorporate by reference each

9  and every other paragraph in this Complaint herein as if fully plead.

10  64. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those

11  similarly situated for all hours worked. Specifically, Defendants and/or DOES have a

12  continuous and consistent policy of clocking-out Plaintiff and those similarly situated for

13  a thirty (30) minute meal period, even though Plaintiff and all members of the Class work

14  through their meal periods.

15  65. Thus, THERMO FISHER SCIENTIFIC, INC., and/or DOES shave/steal earned wages

16  from Plaintiff and each and every member of the Class each and every day they work

17  without a meal period and have time deducted.

18  66. Plaintiff and those similarly situated Class members are informed and believe and thereon

19  allege that THERMO FISHER SCIENTIFIC, INC., and/or DOES breached the legal duty

20  to pay full wages to Plaintiff by deducting a portion of the wages earned when Plaintiff and

21  the Class members' actual time records indicated that a meal period was not taken.

22  THERMO FISHER SCIENTIFIC, INC., and/or DOES did not make reasonable efforts to

23  determine whether the time deducted was actually worked as reported by Plaintiff and

24  Class members. THERMO FISHER SCIENTIFIC, INC., and/or DOES, without a

25  reasonable basis, presumed that actual reported hours had not been accurately reported.

26  The conduct complained of is a form of what is sometimes called "dinging," "shaving," or

27  "scrubbing" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC., and/or

28

DOES also failed to pay for the overtime that was due pursuant to *Labor Code* 510, 515 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

67. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

68. As a direct result of THERMO FISHER SCIENTIFIC, INC., and/or DOES policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

69. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Second Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Pay Overtime**

70. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

71. It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

72. THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to pay overtime when

employees worked over 8 hours per day and when employees worked over 40 hours per week.

73. Plaintiff and those similarly situated Class members were employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES at all relevant times. THERMO FISHER SCIENTIFIC, INC., and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

74. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that THERMO FISHER SCIENTIFIC, INC., and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiff's and the Class Members' actual time records indicated that a meal period was not taken. THERMO FISHER SCIENTIFIC, INC., and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. THERMO FISHER SCIENTIFIC, INC., and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. THERMO FISHER SCIENTIFIC, INC., and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC., and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

75. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in

1   amounts according to proof at time of trial. THERMO FISHER SCIENTIFIC, INC., and/or

2   DOES committed the acts alleged herein knowingly and willfully, with the wrongful and

3   deliberate intention on injuring Plaintiff and the Class Members. THERMO FISHER

4   SCIENTIFIC, INC., and/or DOES acted with malice or in conscious disregard of Plaintiff's

5   and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any

6   penalties allowed by law.

7   76.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

8   below.

9   **Third Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or**

10  **DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab.**
    **Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code**

11  **Regs., tit. 8, § 11090)**

12  77.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

13  and every other paragraph in this Complaint herein as if fully plead.

14  78.   Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall

15  employ any person for a work period of more than five (5) hours without providing a meal

16  period of not less than thirty (30) minutes. During this meal periods of not less than thirty

17  (30) minutes, the employee is to be completely free of the employer's control and must not

18  perform any work for the employer. If the employee does perform work for the employer

19  during the thirty (30) minute meal period, the employee has not been provided a meal

20  period in accordance with the law. Also, the employee is to be compensated for any work

21  performed during the thirty (30) minute meal period.

22  79.   In addition, an employer may not employ an employee for a work period of more than ten

23  (10) hours per day without providing the employee with another meal period of less than

24  thirty (30) minutes.

25  80.   Under *California Labor Code* section 226.7, if the employer does not provide an employee

26  a meal period in accordance with the above requirements, the employer shall pay the

27  employee one (1) hour of pay at the employee's regular rate of compensation for each

CLASS ACTION COMPLAINT          19

1   workday that the meal period is not provided.

2   81.   THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide thirty (30) minute,

3   uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of

4   more than five (5) consecutive hours. As such, THERMO FISHER SCIENTIFIC, INC.,

5   and/or DOES non-exempt employees were required to work well over five (5) consecutive

6   hours at a time without being provided a thirty (30) minute uninterrupted meal period

7   within that time.

8   82.   THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide thirty (30) minute,

9   uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous

10  hours worked.

11  83.   THERMO FISHER SCIENTIFIC, INC., and/or DOES business model was such that Non-

12  Exempt Employees were assigned too much work and with insufficient help due to chronic

13  understaffing to be able to take meal periods. Thus, Plaintiff and the class would not be

14  able to take meal periods despite the fact that Defendant and or DOES clocked out Plaintiff

15  as if they did take 30-minute meal periods.

16  84.   Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES

17  had a pattern and practice of assigning too much work to be completed in too short of time

18  frames, resulting in Plaintiff and those similarly situated not being able to take meal

19  periods.

20  85.   THERMO FISHER SCIENTIFIC, INC., and/or DOES would not permit Plaintiff and the

21  class to take 30-minute meal periods unless specifically scheduled to or expressly told to

22  by Defendant and/or DOES. This routinely resulted in Plaintiffs and the class members not

23  being able to take a meal period, if at all, until after the fifth hour.

24  86.   THERMO FISHER SCIENTIFIC, INC., and/or DOES did not have a policy of providing

25  a second meal period before the end of the tenth hour.

26  87.   Failing to provide compensation for such unprovided or improperly provided meal periods,

27  as alleged above, THERMO FISHER SCIENTIFIC, INC., and/or DOES willfully violated

the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

88.  As a result of the unlawful acts of THERMO FISHER SCIENTIFIC, INC., and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with THERMO FISHER SCIENTIFIC, INC., and/or DOES.

89.  WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Fourth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

90.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

91.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

92.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

93.  In the alternative, THERMO FISHER SCIENTIFIC, INC., and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiff and the class had to work through their rest periods.

94.  Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time

frames, resulting in Plaintiff and those similarly situated not being able to take rest periods.

95.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fifth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040)**

96.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

97.  *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, to itemize in wage statements and to accurately report the total hours worked and total wages earned. THERMO FISHER SCIENTIFIC, INC., and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiff STEVEN DE LA CRUZ and members of the proposed Class.

98.  *Labor Code* section 1174 requires THERMO FISHER SCIENTIFIC, INC., and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. THERMO FISHER SCIENTIFIC, INC., and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 1174. The failure of THERMO FISHER SCIENTIFIC, INC., and/or DOES, and each of them, to comply with *Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

99.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to maintain accurate time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7), 9-1998(7) and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

100.  As a direct result of THERMO FISHER SCIENTIFIC, INC., and/or DOES unlawful acts, Plaintiffs and the class they intend to represent have been damaged and are entitled to

recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* section 226.

101. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Sixth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

102. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

103. Plaintiff STEVEN DE LA CRUZ terminated his employment with THERMO FISHER SCIENTIFIC, INC., and/or DOES.

104. Whether Plaintiff STEVEN DE LA CRUZ voluntarily or involuntarily terminated his employment with THERMO FISHER SCIENTIFIC, INC., and/or DOES, Defendants and/or DOES did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

105. Numerous members of the Class are no longer employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES. They were either fired or quit THERMO FISHER SCIENTIFIC, INC., and/or DOES employ. THERMO FISHER SCIENTIFIC, INC., and/or DOES did not pay all timely wages owed at the time of their termination.

106. *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

107. THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to pay Plaintiff STEVEN DE LA CRUZ a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant

to the provisions of *Labor Code* section 203, Plaintiff STEVEN DE LA CRUZ is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

108. When Plaintiff and those members of the Class who are former employees of THERMO FISHER SCIENTIFIC, INC., and/or DOES separated from THERMO FISHER SCIENTIFIC, INC., and/or DOES employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

109. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to pay said wages to Plaintiff STEVEN DE LA CRUZ and members of the Class he seeks to represent, was willful in that THERMO FISHER SCIENTIFIC, INC., and/or DOES and each of them knew the wages to be due, but failed to pay them.

110. As a consequence of THERMO FISHER SCIENTIFIC, INC., and/or DOES willful conduct in not paying wages owed at the time of separation from employment, Plaintiff STEVEN DE LA CRUZ and members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

111. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Seventh Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

112. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

113. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited

by *California Business and Professions Code* section 17200, et seq.

114. The actions of THERMO FISHER SCIENTIFIC, INC., and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

115. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to THERMO FISHER SCIENTIFIC, INC., and/or DOES unlawful acts and practices.

116. As a result of their unlawful acts, THERMO FISHER SCIENTIFIC, INC., and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. THERMO FISHER SCIENTIFIC, INC., and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to *Business and Professions Code* section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed class.

117. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced THERMO FISHER SCIENTIFIC, INC., and/or DOES unfair trade practices.

118. As a direct and proximate result of the unfair business practices of THERMO FISHER SCIENTIFIC, INC., and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining THERMO FISHER

SCIENTIFIC, INC., and/or DOES from engaging in the practices described herein.

119. The illegal conduct alleged herein is continuing, and there is no indication that THERMO FISHER SCIENTIFIC, INC., and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if THERMO FISHER SCIENTIFIC, INC., and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

120. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting THERMO FISHER SCIENTIFIC, INC., and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

121. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9. For all waiting time penalties owed;

10. That Defendants be found to have engaged in unfair competition in violation of

sections 17200 et seq. of the *California Business and Professions Code*;

11.     That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

12.     That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

13.     That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

14.     That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions Code*;

15.     That Defendants be enjoined from further acts of restraint of trade or unfair competition;

16.     For attorneys' fees;

17.     For interest accrued to date;

18.     For costs of suit and expenses incurred herein; and

19.     For any such other and further relief as the Court deems just and proper.


Dated: March 6, 2017                         **THE TURLEY & MARA LAW FIRM, APLC**


                                             _____
                                             William Turley, Esq.
                                             Dave Mara, Esq.
                                             Jill Vecchi, Esq.
                                             Representing Plaintiff STEVEN DE LA CRUZ
                                             on behalf of himself, all others similarly situated,
                                             and on behalf of the general public.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William Turley, Esq. (SBN 122408)
The Turley & Mara Law Firm, APLC
7428 Trade Street
San Diego, CA 92121
TELEPHONE NO.: (619) 234-2833        FAX NO.: (619) 234-4048
ATTORNEY FOR (Name): Plaintiff, Steven De La Cruz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Steven De La Cruz v. Thermo Fisher Scientific, Inc.; and Does 1-100

**FOR COURT USE ONLY**

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAR 0 6 2017

CLERK OF THE SUPERIOR COURT
By _Jennifer_____
JAMIE THOMAS, Deputy

CASE NUMBER:
RG17851792

JUDGE:

DEPT:

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 7
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 6, 2017
Jill Vecchi, Esq.
_____          ▶ _Jill Vecchi_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THERMO FISHER SCIENTIFIC, INC.; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN DE LA CRUZ on behalf of himself, all others similarly
situated, and on behalf of the general public

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAR 06 2017

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda<br><br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*  **RG17851792** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* **MAR 06 2017**  Chad Finke | Clerk, by<br>*(Secretario)* Jamie Thomas | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Thermo Fisher Scientific, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

The Turley & Mara Law Firm, APLC
Attn: Vecchi, Jill
7428 Trade Street
San Diego, CA   92121____

Thermo Fisher Scientific, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| De La Cruz | No. <u>RG17851792</u> |
| *Plaintiff/Petitioner(s)* | |
| VS. | |
| Thermo Fisher Scientific, Inc. | NOTICE OF HEARING |
| *Defendant/Respondent(s)* | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/18/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Case Management Conference:
DATE: 06/27/2017   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
              201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  03/09/2017                     Chad Finke   Executive Officer / Clerk of the Superior Court

                                       By    _digital_
                                             _R. Ajamu_
                                       _____
                                                        Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 03/10/2017.

                                       By    _digital_
                                             _R. Ajamu_
                                       _____
                                                        Deputy Clerk

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **De La Cruz** | **No. RG17851792** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Thermo Fisher Scientific, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   30                    Honorable   Brad Seligman            , Judge

Cause called for: Complex Determination Hearing on April 18, 2017.

Case continued to 03:00 PM on 06/06/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland.

Minutes of    04/18/2017
Entered on    04/19/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By    Lyncee Ory
                                    Deputy Clerk

**Minutes**

M11305010

The Turley & Mara Law Firm, APLC
Attn: Vecchi, Jill
7428 Trade Street
San Diego, CA   92121____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| De La Cruz<br><br>                           Plaintiff/Petitioner(s)<br><br>                    vs.<br><br><br>Thermo Fisher Scientific, Inc.<br>                           Defendant/Respondent(s)<br>                    (Abbreviated Title) | No. <u>RG17851792</u><br><br>Order<br><br>Complaint - Other Employment |

The Complaint - Other Employment was set for hearing on 04/18/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 06/06/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland.

Dated: 04/18/2017

_Digital_
_Lynette Ri_
_____
CourtroomClerk Lynette Rushing

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG17851792
Order After Hearing Re: of 04/18/2017

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 04/26/2017.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

*12317309*

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

William Turley, Esq. (SBN 122408)
The Turley & Mara Law Firm, APLC
7428 Trade St, San Diego, CA 92121

TELEPHONE NO.: (619) 234-2833      FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:  Plaintiff, Steven De La Cruz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS:  1225 Fallon St
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:

**FILED**
ALAMEDA COUNTY

MAY 0 8 2017

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

PLAINTIFF/PETITIONER:  Steven De La Cruz

DEFENDANT/RESPONDENT:  Thermo Fisher Scientific, Inc.; and Does 1-100

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☑ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: RG17851792 |
|---|---|

Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)

HEARING DATE:
DEPT.:                 TIME:

1. Applicant *(name)*:  Steven De La Cruz
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:  March 6, 2017

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑ None
   b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:
   Defendant Thermo Fisher Scientific, Inc.

Page 1 of 2

| Form Approved for Optional Use Judicial Council of California CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court, rules 3.110, 3.1200–3.1207 www.courtinfo.ca.gov |
|---|---|---|

BY FAX

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Steven De La Cruz v. Thermo Fisher Scientific, Inc. | RG17851792 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

Plaintiff is currently further investigating the claims and parties in this action; Plaintiff intends to amend the Complaint.
☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Plaintiff requests an extension of time for service of the Complaint so that Plaintiff may anticipate amendment prior to serving the Complaint on Defendant. Plaintiff is in good faith investigating the claims and parties in the Complaint with the intention of amending the Complaint prior to service on Defendant; Plaintiff requests additional time for service of the Compalint to complete its investigation and file the amended Complaint.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

June 5, 2017

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons):*

Defendant has not yet been served with the Complaint in this action.

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 5, 2017

Jill Vecchi, Esq.
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ *[signature]*
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):*

3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: _____

_____
JUDICIAL OFFICER




CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William Turley, Esq. (SBN 122408)<br>The Turley & Mara Law Firm, APLC<br>7428 Trade St, San Diego, CA 92121<br><br>TELEPHONE NO.: **(619) 234-2833**   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff, Steven De La Cruz | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

**FILED**
**ALAMEDA COUNTY**
MAY 0 9 2017
CLERK OF THE SUPERIOR COURT
by _____
Deputy

PLAINTIFF/PETITIONER:  Steven De La Cruz

DEFENDANT/RESPONDENT:  Thermo Fisher Scientific, Inc.; and Does 1-100

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE**
**PLEADING  AND ☑ ORDER EXTENDING TIME TO SERVE AND**
**☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
RG17851792

Note: This ex parte application will be considered without a personal appearance.
(See Cal. Rules of Court, rule 3.1207(2).)

HEARING DATE:
DEPT.:          TIME:

1. Applicant *(name):*  Steven De La Cruz
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*  March 6, 2017

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑ None
   b. ☐ The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Defendant Thermo Fisher Scientific, Inc.

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME**
**TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

BY FAX

**CM-020**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Steven De La Cruz v. Thermo Fisher Scientific, Inc. | RG17851792 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

Plaintiff is currently further investigating the claims and parties in this action; Plaintiff intends to amend the Complaint.

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Plaintiff requests an extension of time for service of the Complaint so that Plaintiff may anticipate amendment prior to serving the Complaint on Defendant. Plaintiff is in good faith investigating the claims and parties in the Complaint with the intention of amending the Complaint prior to service on Defendant; Plaintiff requests additional time for service of the Compalint to complete its investigation and file the amended Complaint.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:
June 5, 2017

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons)*:

Defendant has not yet been served with the Complaint in this action.

☐ Continued on Attachment 10.

11. Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  May 5, 2017

Jill Vecchi, Esq.
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

► *(signature)*
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date)*:

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: 5/9/17

_____
JUDICIAL OFFICER

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

The Turley & Mara Law Firm, APLC
Attn:  Vecchi, Jill
7428 Trade Street
San Diego, CA   92121____

Thermo Fisher Scientific, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| De La Cruz<br><br>                         Plaintiff/Petitioner(s)<br>                  VS.<br><br>Thermo Fisher Scientific, Inc.<br><br><br>                         Defendant/Respondent(s)<br>           (Abbreviated Title) | No. <u>RG17851792</u><br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Case Management Conference on 06/27/2017 has<br>been vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:
                  Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 07/25/2017    TIME:  03:00 PM    DEPARTMENT:  30
LOCATION:  U.S. Post Office Building, Second Floor
                   201 13th Street, Oakland

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions under Local Rule 3.90.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing (CDH) must be scheduled in the same department as that hearing.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for the department where the CDH is scheduled.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling 1-888-882-6878, or faxing a service request form to 1-888-882-2946. This service is subject to charges by the vendor.

Dated:  06/12/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                    By  _Lynae Ory_
                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/12/2017.

By _____
                                                                    Deputy Clerk

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **De La Cruz** | **No. RG17851792** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Thermo Fisher Scientific, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    30                         Honorable   Brad Seligman_____ , Judge

Cause called for: Complex Determination Hearing on June 06, 2017.

Case continued to 03:00 PM on 07/11/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland.

Minutes of     06/06/2017
Entered on     06/07/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By      _Lynette Ong_____

                                        Deputy Clerk

**Minutes**

M11413336

The Turley & Mara Law Firm, APLC
Attn: Vecchi, Jill
7428 Trade Street
San Diego, CA   92121____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| De La Cruz | No. <u>RG17851792</u> |
| Plaintiff/Petitioner(s) | |
| | Order |
| VS. | |
| | Complaint - Other Employment |
| Thermo Fisher Scientific, Inc. | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Complaint - Other Employment was set for hearing on 06/06/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 07/11/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland.

Dated:  06/06/2017

_____
CourtroomClerk Lynette Rushing

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17851792
Order After Hearing Re: of 06/06/2017

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

    Executed on 06/29/2017.

        Chad Finke  Executive Officer / Clerk of the Superior Court

        By _____

                          Deputy Clerk

The Turley & Mara Law Firm, APLC
Attn: Vecchi, Jill
7428 Trade Street
San Diego, CA   92121_____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| De La Cruz<br><div align="right">Plaintiff/Petitioner(s)</div><br>VS.<br><br>Thermo Fisher Scientific, Inc.<br><div align="right">Defendant/Respondent(s)</div><div align="right">(Abbreviated Title)</div> | No. <u>RG17851792</u><br><br>Order<br><br>Complaint - Other Employment |

The Complaint - Other Employment was set for hearing on 07/11/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 08/01/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland. Plaintif to show cause why he should not be sanctioned for failing to appear at 7/11/2017 CDH and why the complaint has not been served.

Dated:  07/11/2017

_Digital_
_Lynette Ri_
_____
CourtroomClerk Lynette Rushing

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17851792
Order After Hearing Re: of 07/11/2017

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 07/18/2017.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **De La Cruz** | **No. RG17851792** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Thermo Fisher Scientific, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   30                          Honorable   Brad Seligman _____ , Judge

Cause called for: Complex Determination Hearing on July 11, 2017.

Case continued to 03:00 PM on 08/01/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland. Plaintif to show cause why he should not be sanctioned for failing to appear at 7/11/2017 CDH and why the complaint has not been served.

Minutes of   07/11/2017
Entered on   07/17/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____
Deputy Clerk

**Minutes**

M11497861

1  WILLIAM TURLEY, SBN 122308
   DAVID MARA, SBN 230497
2  JILL VECCHI, SBN 299333
   MATTHEW CRAWFORD, SBN 310230
3  **THE TURLEY & MARA LAW FIRM, APLC**
   7428 Trade Street
4  San Diego, CA 92121
   Telephone:  (619) 234-2833
5  Facsimile:  (619) 234-4048

6

7

8

9

**FILED BY FAX**
ALAMEDA COUNTY

July 20, 2017

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:

**RG17851792**

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **COUNTY OF ALAMEDA**

12

13  STEVEN DE LA CRUZ on behalf of himself,       Case No.: RG17851792
    all others similarly situated, and on behalf of
14  the general public,
                                                   **REQUEST FOR CONTINUANCE OF**
15              Plaintiffs,                        **CASE MANAGEMENT CONFERENCE**

16                                                 Date:      July 25, 2017
         v.                                        Time:      3:00 P.M.
17                                                 Dept.:     30

18  THERMO FISHER SCIENTIFIC, INC.; and
    DOES 1-100;
19

20              Defendants.

21

22

23

24

25

26

27

28

1    Steven De La Cruz ("Plaintiff") respectfully requests a continuance of the July 25, 2017

2  Case Management Conference, as follows:

3    1.    On March 6, 2017, Plaintiff filed this complaint in the Superior Court of the State

4  of California, County of Alameda

5    2.    On July 20, 2017, Plaintiff served the complaint on Defendant Thermo Fisher

6  Scientific, Inc.

7    3.    Defendant has not yet answered the complaint.  Defendant will not have answered

8  the complaint by the time the July 25, 2017 Case Management Conference is held.

9    4.    Therefore, Plaintiff respectfully requests that the court continue the Case

10  Management Conference by 45 days to allow Defendant sufficient time to answer and/or appear.

11

12

13                                         Respectfully submitted,

14

15  Dated:    July 20, 2017                    THE TURLEY & MARA LAW FIRM,
                                               APLC
16
                                         By: _____
17                                             WILLIAM TURLEY
                                               DAVID MARA
18                                             JILL VECCHI
                                               MATTHEW CRAWFORD
19                                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

| 1 | *Case Name:* | **Steven De La Cruz v. Thermo Fisher Scientific, Inc.** |
|---|---|---|

*Court:* **Alameda County Superior Court**
*Case Number:* **RG17851792**

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of:  San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is:
7428 Trade Street San Diego, CA 92121

On July 20, 2017, I served the foregoing document(s) described as:

**REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

CAPITOL CORPORATE SERVICES, INC.
455 CAPITOL MALL COMPLEX STE 217
SACRAMENTO CA 95814
*Agent for Service of Process*


[XX]   **(BY PERSONAL SERVICE)** On July 21, 2017, in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal delivery.

[XX]   **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: July 20, 2017

Alyssa Walker

PAGE 1 OF 1

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| De La Cruz<br><div align="right">Plaintiff/Petitioner(s)</div><br>VS.<br><br>Thermo Fisher Scientific, Inc.<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG17851792</u><br><br>Tentative Case Management Order |

This Tentative Case Management Order is issued by Judge Brad Seligman on 07/22/2017.

ORDER re: CASE MANAGEMENT

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 09/19/2017 at 03:00 PM in Dept. 30.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 09/04/2017. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

NOTICES

Counsel for Plaintiff(s) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

*14962532*

# ATTENDANCE SHEET

RG 17851792

De la Cruz vs Thermo Fisher

| COUNSEL'S NAME | CLIENT'S NAME |
|---|---|
| | |
| | |
| | |

**FILED**
ALAMEDA COUNTY

JUL 2 5 2017

CLERK OF THE SUPERIOR COURT
By _Pameda Elgeo N_ Deputy

---

**Case #: RG17851792**
**Case Name:**
De La Cruz vs. Thermo Fisher Scientific, Inc.
**Proceeding Type:**
Case Management Conference

Firm: The Turley & Mara Law Firm, APLC
Phone: (619) 234-2833 ext. 42833
Contact: ~David Mara~ Matthew Crawford ✓
For: Plaintiff(s), Steven De La Cruz
CCID: 8427770

---

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

20133862

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William Turley, 122408<br>The Turley and Mara Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>TELEPHONE NO.: (619) 234-2833<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>**ALAMEDA COUNTY**<br><br>JUL 2 6 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By_____ Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Steven De La Cruz

DEFENDANT/RESPONDENT: Thermo Fisher Scientific, Inc., et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>RG17851792 |
|---|---|
| | Ref. No. or File No.:<br>None |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Complaint, Civil Case Cover Sheet, Summons, Alternative Dispute Resolution Information Packet, Stipulation to Attend Alternative Dispute Resolution and Delay Initial Case Management Conference for 90 Days, Notice of Hearing (Amended), Proof of Service

3. a. Party served: Thermo Fisher Scientific, Inc.

   b. Person Served: LUCKY CHANG/CAPITOL CORPORATE SERVICES, INC. - Person Authorized to Accept Service of Process

4. Address where the party was served: 455 CAPITOL MALL COMPLEX , STE 217 SACRAMENTO , CA 95814
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 07/21/2017     (2) at (time): 12:05PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Thermo Fisher Scientific, Inc.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Brandon Lee Ortiz
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 119.95
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2012-37
          (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 07/24/2017

*Brandon Ortiz*

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]          **PROOF OF SERVICE OF SUMMONS**     Code of Civil Procedure, § 417.10

OL# 11231103

20128972

1   William Turley, Esq. (122408)
    David Mara, Esq. (230498)
2   Jill Vecchi, Esq. (SBN 299333)
    Matthew Crawford, Esq. (310230)
3   **THE TURLEY LAW FIRM, APLC**
    7428 Trade Street
4   San Diego, CA 92121
    Telephone:   619.234.2833
5   Facsimile:   619.234.4048

6

7   Attorneys for Plaintiff STEVEN DE LA CRUZ
    on behalf of himself and all others similarly
    situated and on behalf of the general public

8

9

10

11

**FILED
ALAMEDA COUNTY

JUL 27 2017**

CLERK OF THE SUPERIOR COURT
By _____
          ERICA BAKER, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

12   STEVEN DE LA CRUZ, on behalf of himself
     and all others similarly situated, and on behalf
13   of the general public,

14             Plaintiff,

15   v.

16   THERMO FISHER SCIENTIFIC, INC.; and
     DOES 1-100,
17

18             Defendants.

19

20

21

Case No.  RG17851792

**DECLARATION OF MATTHEW
CRAWFORD, ESQ. IN RESPONSE TO THE
COURT'S ORDER TO SHOW CAUSE WHY
SANCTIONS SHOULD NOT BE IMPOSED
FOR FAILURE TO APPEAR AT CASE
MANAGEMENT CONFERENCE AND WHY
THE COMPLAINT HAS NOT BEEN SERVED**

Date:     August 1, 2017
Time:     3:00 p.m.
Judge:    Hon. Brad Seligman
Dept.:    30

Complaint Filed: March 6, 2017

BY FAX

22   I, MATTHEW CRAWFORD, Esq., hereby declare under penalty of perjury as follows:

23       1.      I am an attorney duly licensed to practice law before all courts of the State of California

24               and am an attorney of record for Plaintiff STEVEN DE LA CRUZ in this pre-

25               certification class action.

26       2.      If called to testify in this matter, I could and would testify from personal knowledge to

27               the following, except as to those matters based upon information and belief, and as to

28               those matters, I believe them to be true.

DECLARATION OF MATTHEW CRAWFORD, ESQ. IN RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE

-1-

3.   On March 6, 2017, Plaintiff filed a putative class action Complaint alleging Defendant violated various wage and hour and unfair competition laws and sought relief on behalf of Defendant's current and former, non-exempt California employees paid on an hourly basis.

4.   On July 11, 2017, the Court held a Complex Determination Hearing.

5.   Plaintiff's counsel was under the mistaken belief that an appearance at the Complex Determination Hearing was not necessary.  As a result, Plaintiff was absent at the time of the hearing.

6.   Because of Plaintiff's absence, the Court issued an Order to Show Cause why sanctions should not be imposed for failure to appear at the Complex Determination Hearing and why the complaint has not been served.

7.   Plaintiff served the complaint on Defendant on July 20, 2017.  A true and correct copy of the applicable Proof of Service is attached hereto as Exhibit 1.

8.   Plaintiff's counsel's absence at the July 11, 2017 Complex Determination Hearing was an oversight on the part of Plaintiff's counsel and Plaintiff's counsel apologizes to the Court for failing to appear at the hearing.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   July 26, 2017                          Signed: _____

                                                        Matthew Crawford, Esq.

# Exhibit 1

| | |
|---|---|
| *Case Name:* | **Steven De La Cruz v. Thermo Fisher Scientific, Inc.** |
| *Court:* | **Alameda County Superior Court** |
| *Case Number:* | **RG17851792** |

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of: San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On July 20, 2017, I served the foregoing document(s) described as:

**CLASS ACTION COMPLAINT**

**CIVIL CASE COVERSHEET**

**SUMMONS**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET**

**STIPULATION TO ATTEND ADR AND DELAY INITIAL CASE MANAGEMENT CONFERENCE**

**NOTICE OF HEARING (AMENDED)**

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

CAPITOL CORPORATE SERVICES, INC.
455 CAPITOL MALL COMPLEX STE 217
SACRAMENTO CA 95814
*Agent for Service of Process*

[XX]  **(BY PERSONAL SERVICE)** On July 21, 2017, in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal delivery.

[XX]  **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: July 20, 2017

_____
Alyssa Walker

### PAGE 1 OF 1

20128980

| | |
|---|---|
| 1 | *Case Name:*  **Steven De La Cruz v. Thermo Fisher Scientific, Inc.** |
| | *Court:*  **Alameda County Superior Court** |
| 2 | *Case Number:*  **RG17851792** |

3       **PROOF OF SERVICE**

**F I L E D**
**ALAMEDA COUNTY**

4   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

5   I am employed in the County of:  San Diego, State of California.

JUL 27 2017

6   I am over the age of 18 and not a party to the within action; my business address is
7   7428 Trade Street San Diego, CA 92121

CLERK OF THE SUPERIOR COURT
By _____ *Erica Baker*
ERICA BAKER, Deputy

8   On July 26, 2017, I served the foregoing document(s) described as:

9   **NOTICE OF CONTINUANCE OF COMPLEX DETERMINATION HEARING**

10  **DECLARATION OF MATTHEW CRAWFORD, ESQ. IN RESPONSE TO THE**
    **COURT'S ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE**
11  **IMPOSED FOR FAILURE TO APPEAR AT CASE MANAGEMENT CONFERENCE**
    **AND WHY THE COMPLAINT HAS NOT BEEN SERVED**

12  On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
13  addressed as follows:

14  CAPITOL CORPORATE SERVICES, INC.
    455 CAPITOL MALL COMPLEX STE 217
15  SACRAMENTO CA 95814
16  *Agent for Service of Process*

17  []      **(BY PERSONAL SERVICE)** On, in addition to service methods listed above (if any),
18          the above documents were delivered to the above recipients via personal delivery.

19  [XX]    **(BY UNITED STATES MAIL)** On July 26, 2017, I enclosed the documents in a sealed
20          envelope or package addressed to the persons at the addresses named above and
            deposited the sealed envelope with the United States Postal Service, with the postage
            fully prepaid.

21  Dated: July 26, 2017

22          _____   BY FAX
23          Alyssa Walker

PAGE 1 OF 1

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **De La Cruz** | **No. RG17851792** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Thermo Fisher Scientific, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    30                              Honorable   Brad Seligman              , Judge

Cause called for: Complex Determination Hearing on August 01, 2017.

Case continued to 03:00 PM on 08/29/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland. Plaintiff's declaration re failure to appear has been considered and no sanctions will be issued for his failure to appear.  Parties should review the posted tentative orders in the future.

Minutes of    08/01/2017
Entered on    08/01/2017

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**Minutes**

M11533810

The Turley & Mara Law Firm, APLC          Thermo Fisher Scientific, Inc.
Attn: Vecchi, Jill
7428 Trade Street
San Diego, CA   92121____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| De La Cruz<br><div align="right">Plaintiff/Petitioner(s)</div><br><div align="center">VS.</div><br><br>Thermo Fisher Scientific, Inc.<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | <div align="center">No. <u>RG17851792</u></div><br><div align="center">Order</div><br><div align="center">Complaint - Other Employment</div> |

The Complaint - Other Employment was set for hearing on 08/01/2017 at 03:00 PM in Department 30 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 08/29/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland. Plaintiff's declaration re failure to appear has been considered and no sanctions will be issued for his failure to appear.  Parties should review the posted tentative orders in the future.

Dated:  08/01/2017

Digital

_Lynette Ri_

_____
CourtroomClerk Lynette Rushing

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG17851792
Order After Hearing Re: of 08/01/2017

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/08/2017.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

1    ELIZABETH A. BROWN (SB# 235429)
     lisabrown@gbgllp.com
2    KATHERINE C. HUIBONHOA (SB# 207648)
     kathyhuibonhoa@gbgllp.com
3    RYAN CRAIN (SB# 266172)
     ryancrain@gbgllp.com
4    GRUBE BROWN & GEIDT LLP
     601 Montgomery Street, Suite 1150
5    San Francisco, CA  94111
     Telephone:  (415) 603-5000
6    Facsimile:  (415) 840-7210

7

8    Attorneys for Defendant
     THERMO FISHER SCIENTIFIC INC.

9

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**AUG 1 6 2017**

CLERK OF THE SUPERIOR COURT
By _____ Molly J. Kautz _____
                                   Deputy

10

          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

                COUNTY OF ALAMEDA

12

13    STEVEN DE LA CRUZ on behalf of himself,   |   CASE NO. RG17851792

14    all others similarly-situated, and on behalf of
     the general public,

15                         **DEFENDANT THERMO FISHER**
               Plaintiffs,                    **SCIENTIFIC INC.'S ANSWER TO**

16                        **PLAINTIFF'S UNVERIFIED CLASS**
               vs.                         **ACTION COMPLAINT**

17

18    THERMO FISHER SCIENTIFIC, INC., and
     DOES 1-100,

19               Defendants.

20

21

22

23

24

25

26

27

28

       DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1  TO PLAINTIFF STEVEN DE LA CRUZ, AND PLAINTIFF'S ATTORNEYS OF RECORD,

2  WILLIAM TURLEY, DAVID MARA, JILL VECCHI, AND THE TURLEY & MARA LAW

3  FIRM, APLC:

4      Defendant THERMO FISHER SCIENTIFIC INC. ("Defendant" or "Thermo Fisher"),

5  hereby answers the unverified Class Action Complaint ("Complaint") of Plaintiff Steven De La

6  Cruz ("Plaintiff") as follows:

7      1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Thermo

8  Fisher denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

9      2.    Thermo Fisher further denies, generally and specifically, that Plaintiff is entitled

10 to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by

11 reason of any act or omission on the part of Thermo Fisher, or any of their past or present agents,

12 representatives, or employees.

13     3.    Thermo Fisher further denies, generally and specifically, that Plaintiff or the

14 class, including subclasses, they propose (the "Proposed Class"), the existence of which Thermo

15 Fisher denies, have been or will be damaged in any sum, or at all, by reason of any act or

16 omission on the part of Thermo Fisher, or any of their past or present agents, representatives, or

17 employees, and denies further that Plaintiff is entitled to the relief he seeks, or any relief.

18     Without admitting any facts alleged by Plaintiff, Thermo Fisher also pleads the following

19 separate and affirmative defenses to the Complaint:

20

21              AFFIRMATIVE DEFENSES

22

23          FIRST SEPARATE AND AFFIRMATIVE DEFENSE

24     1.    The Complaint, and each of its causes of action, fails to state facts sufficient to

25 constitute a cause of action.

26

27

28

-1-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2

3

     2.     The Complaint, and each of its causes of action, is barred to the extent that venue is improper.

4

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5

6

     3.     The Complaint, and each of its causes of action, is barred in whole or in part by all

7

applicable statutes of limitation, including but not limited to California Code of Civil Procedure

8

sections 338 and 340, and California Business and Professions Code section 17208.

9

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

10

     4.     Plaintiff lacks standing to sue Thermo Fisher on behalf of himself or the

11

Proposed Class with respect to at least some of the claimed injuries.

12

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

13

14

     5.     The Complaint, and each of its causes of action, is barred by the doctrine of laches.

15

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

16

17

     6.     Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

18

19

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

20

     7.     The Complaint, and each of its causes of action, is barred by the doctrine of

21

unclean hands.

22

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

23

24

     8.     The Complaint, and each of its causes of action, or parts thereof, is barred by the doctrine of accord and satisfaction.

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

<center>NINTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

9.      The Complaint, and each of its causes of action, is barred to the extent that prior settlement agreements and/or releases cover all or some of the claims alleged in the Complaint with respect to some or all the Proposed Class.

<center>TENTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

10.     The Complaint, and each of its causes of action, is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff and/or any alleged member of the Proposed Class have already litigated the claims that are the subject of the Complaint, or have been covered by other litigation that was pursued on their behalf.

<center>ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

11.     The Complaint, and each of its causes of action, is barred because Plaintiff and any alleged member of the Proposed Class did not satisfy and/or breached their statutory obligations as provided in the California Labor Code including, but not limited to, sections 2854 and 2856-2859.

<center>TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

12.     The Complaint, and each of its causes of action, is barred because at all times relevant to the Complaint, Thermo Fisher did not willfully or otherwise fail to comply with any provisions of the California Labor Code or California Industrial Welfare Commission Wage Orders but rather, acted based on its good faith belief that its acts or omissions were lawful.

<center>THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

13.     The Complaint, and each of its causes of action, is barred because Plaintiff and the Proposed Class were provided, authorized and/or permitted rest or meal breaks in accordance with the law, and any failure by Plaintiff, or any member of the Proposed Class, to take a meal or rest period was because they freely waived any and all meal or rest breaks that they did not take.

<center>-3-</center>
<center>DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT</center>

1

<div align="center">FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

2        14.     The Complaint, and each of its causes of action, is barred because some of the

3 hours Plaintiff and the Proposed Class allegedly worked are not "hours worked" within the

4 meaning of applicable law.

5

<div align="center">FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

6        15.     The fifth cause of action is barred on the grounds that there was no "knowing and

7 intentional failure" on the part of Thermo Fisher to comply with California Labor Code section

8 226, nor did Plaintiff or any member of the Proposed Class suffer injury as a result of any alleged

9 knowing and intentional failure within the meaning of California Labor Code section 226(e).

10

<div align="center">SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

11        16.     The sixth cause of action is barred because any failure to pay wages was not

12 willful within the meaning of California Labor Code section 203.

13

<div align="center">SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

14        17.     The seventh cause of action is barred because Plaintiff, as a private litigant, lacks

15 standing to bring a cause of action for damages under California Business and Professions Code

16 section 17203.

17

<div align="center">EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

18        18.     The seventh cause of action is barred because Plaintiff cannot show an injury to

19 competition, as distinguished from injury to Plaintiff, which such injury Thermo Fisher denies.

20

<div align="center">NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

21        19.     The seventh cause of action is barred because Plaintiff cannot show a deception

22 upon the public.

23

<div align="center">TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE</div>

24        20.     The seventh cause of action is barred because Plaintiff is not seeking recovery of a

25 quantifiable sum.

26

27

28

<div align="center">-4-</div>

#### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21. The seventh cause of action is barred because California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied, violate Thermo Fisher's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract. It also violates Thermo Fisher's rights to due process under the United States Constitution and the California Constitution to the extent that the cause of action does not afford Thermo Fisher the protections against multiple suits and duplicative liability.

#### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

22. The seventh cause of action is barred because the remedies under California Business and Professions Code section 17200 *et seq.* is limited to restitution and injunctive relief.

#### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

23. The Complaint, and each of its causes of action, is barred because if Thermo Fisher ever owed any obligation to Plaintiff and/or the Proposed Class, that obligation has been paid and otherwise satisfied.

#### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

24. The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff unreasonably delayed in notifying Thermo Fisher of the alleged actionable wrongs, and by reason of Plaintiff's unreasonable delay, Thermo Fisher has been prejudiced.

#### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

25. The Complaint and any damages therefrom, must be set off by the amount Plaintiff and/or the Proposed Class members were overpaid.

#### TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

26. While Thermo Fisher denies that any liability or wrongdoing for the claims asserted in the Plaintiff's Complaint, in the event that it should be determined that Thermo Fisher

-5-

did violate one or more provisions of the California Labor Code, then neither Plaintiff nor the Proposed Class are entitled to any damages, penalties, or other relief because such violation(s) were *de minimis*.

### TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

27.     The Complaint and each of its causes of action is barred in whole or in part to the extent it seeks double recovery for the same alleged wrong or wrongs.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

28.     Plaintiff may not recover damages in this action because, under the circumstances presented, an award of damages would constitute unjust enrichment.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

29.     Plaintiff's request for class certification should be denied because the matters alleged in the Complaint are those in which individual questions predominate over common questions, rendering this action unsuitable for class treatment.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

30.     Plaintiff's request for class certification should be denied because Plaintiff cannot satisfy the prerequisites for class certification, including, but not limited to, establishing that a well-defined community of interest exists among the Proposed Class.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

31.     Plaintiff's request for class certification should be denied because class certification would be inappropriate due to conflicts of interest between Plaintiff and the Proposed Class, and/or among the Proposed Class.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

32.     Plaintiff's request for class certification should be denied because Plaintiff is not an adequate representative of persons he purports to represent.

1          THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

2         33.     Plaintiff's request for class certification should be denied because Plaintiff cannot

3 show that class treatment of the claims alleged in the Complaint is superior to other methods of

4 adjudicating the alleged controversy.

5         THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

6         34.     Plaintiff's request for class certification should be denied because liability and/or

7 damages, if any, to any member of the Proposed Class may not be determined by a single

8 factfinder or on a group-wide basis, and therefore allowing this action to proceed as a class action

9 would violate Thermo Fisher's rights to due process and trial by jury.

10         THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

11         35.     In the event that a class should be certified in this matter, Thermo Fisher

12 incorporates by reference and realleges all of its defenses to Plaintiff's individual claims in

13 response to Plaintiff's claims on behalf of the Proposed Class.

14         THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

15         36.     Thermo Fisher currently has insufficient knowledge or information on which it

16 may form a belief as to whether it may have additional, as yet unstated, affirmative defenses

17 available. Thermo Fisher hereby reserves the right to assert additional defenses in the event that

18 discovery reveals that they would be appropriate.

19        WHEREFORE, Thermo Fisher prays for judgment as follows:

20         1.     That Plaintiff's request to bring this action as a class action be denied;

21         2.     That Plaintiff take nothing by reason of the Complaint, that the Complaint be

22 dismissed in its entirety with prejudice, and that judgment be entered for Thermo Fisher;

23 //

24 //

25 //

26

27

28

-7-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

3.      That Thermo Fisher be awarded its reasonable costs and attorneys' fees; and

4.      That Thermo Fisher be awarded such other and further relief as the Court deems just and proper.

Dated: August 16, 2017                          GRUBE BROWN & GEIDT LLP

                                                By:_____
                                                        ELIZABETH A. BROWN

                                                Attorneys for Defendant
                                                THERMO FISHER SCIENTIFIC INC.

-8-
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

1

**PROOF OF SERVICE**

2      I am employed in the City of San Francisco and County of San Francisco, State of

3  California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4  business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5      On August 16, 2017, I served a copy of the within document(s):

6  **DEFENDANT THERMO FISHER SCIENTIFIC INC.'S ANSWER TO PLAINTIFF'S**
   **UNVERIFIED CLASS ACTION COMPLAINT**

7

8  on the interested parties:

9      ☐    VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below on this date before 5:00 p.m.

10

11     ☒    VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
            processing of correspondence for mailing.  Under that practice such sealed
            envelope(s) would be deposited with the U.S. postal service on the above date with
12          postage thereon fully prepaid, at San Francisco, California.

13     ☐    VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
            _____ envelope and affixing a pre-paid air bill, and causing the envelope to be
14          delivered to a _____ agent for delivery.

15     ☐    VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
            above to the person(s) at the address(es) set forth below.

16

17     ☐    VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the
            person(s) set forth below using the e-mail address(es) indicated, pursuant to the
18          parties' electronic service agreement.

19
   William Turley
20 David Mara
   Jill Vecchi
21 THE TURLEY & MARA LAW FIRM, APLC
   7428 Trade Street
22 San Diego, CA   92121

23

24     I declare under penalty of perjury under the laws of the State of California that the above

25 is true and correct.

26     Executed on August 16, 2017, at San Francisco, California.

27                                        _____
                                                Janet Gogna
28

ELIZABETH A. BROWN (SB# 235429)
lisabrown@gbgllp.com
KATHERINE C. HUIBONHOA (SB# 207648)
kathyhuibonhoa@gbgllp.com
RYAN CRAIN (SB# 266172)
ryancrain@gbgllp.com
GRUBE BROWN & GEIDT LLP
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendant
THERMO FISHER SCIENTIFIC INC.

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 6 2017

CLERK OF THE SUPERIOR COURT
Molly J. Kautz
By _____
                                          Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| STEVEN DE LA CRUZ on behalf of himself, all others similarly-situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC, INC., and DOES 1-100,<br><br>Defendants. | CASE NO. RG17851792<br><br>**DEFENDANT THERMO FISHER SCIENTIFIC INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 396b; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          October 24, 2017<br>Time:          3:00 p.m.<br>Judge:        Hon. Brad Seligman<br>Dept.:         30<br><br>**Reservation No. R-1882113**<br><br>Complaint Filed:  March 6, 2017 |

DEFENDANT'S NOTICE AND MOTION TO TRANSFER VENUE; SUPPORTING MEMORANDUM

1   TO THE CLERK OF THIS COURT, PLAINTIFF STEVEN DE LA CRUZ, AND PLAINTIFF'S

2   ATTORNEYS OF RECORD, WILLIAM TURLEY, DAVID MARA, JILL VECCHI, AND THE

3   TURLEY & MARA LAW FIRM, APLC:

4          PLEASE TAKE NOTICE THAT on October 24, 2017, at 3:00 p.m., in Department 30 of

5   this Court, located at 1225 Fallon Street, Oakland, CA 94612, Defendant Thermo Fisher

6   Scientific Inc. ("Thermo Fisher") will move the Court, pursuant to California Code of Civil

7   Procedure sections 396b and 397(a), for an order transferring this action to the Superior Court of

8   San Diego County, the county of Thermo Fisher's residence for venue purposes, on the ground

9   that this is not that proper court for trial of this action under California Code of Civil Procedure

10  section 395.5.  Specifically:

11  • Plaintiff did not contract with Thermo Fisher in Alameda County;

12  • Plaintiff did not perform any contract with Thermo Fisher in Alameda County;

13  • This action arises from obligations or liabilities in San Bernardino — not Alameda —

14    County.

15  • Thermo Fisher did not breach any obligations, contractual or otherwise, in Alameda

16    County.

17  • Thermo Fisher does not reside in Alameda County.

18         This motion will be based on this notice, the attached memorandum in support and

19  declarations of Elizabeth A. Brown, Karen A. Fait, and Stephanie A. Colton, the records and files

20  in this action and any further evidence and argument the Court will receive at or before the

21  hearing on the motion.

22  Dated: August 16, 2017                    GRUBE BROWN & GEIDT LLP

23

24                                           By:_____

25                                                ELIZABETH A. BROWN

26                                           Attorneys for Defendant
                                             THERMO FISHER SCIENTIFIC INC.

27

28

-1-

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

I.    INTRODUCTION ................................................................................. 1

4

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

5

6

III.  THE COURT MUST TRANSFER THIS ACTION BECAUSE VENUE IS NOT PROPER AND THIS MOTION IS TIMELY MADE ......................................... 2

7

      A.   This Motion Is Timely. ........................................................... 3

8

      B.   Alameda County Is Not A Proper Venue Under CCP 395.5. ................. 3

9

           1.   No contract was made in Alameda County. ................................. 4

10

           2.   No contract was performed in Alameda County. ........................... 4

11

           3.   The obligation or liability did not arise in Alameda County. ............. 4

12

           4.   No breach occurred in Alameda County. ................................... 5

13

           5.   Thermo Fisher does not reside in Alameda County. ....................... 5

14

      C.   Transfer of the Action to San Diego County is Proper. ....................... 6

15

IV.   CONCLUSION ................................................................................... 7

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO TRANSFER VENUE

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Bohn v. Better Biscuits, Inc.*,
   26 Cal. App. 2d 61 (1938)............................................................................ 5

*Brown v. Sup. Ct.*,
   37 Cal. 3d 477 (1984) ............................................................................ 3, 6

*Buran Equip. Co. v. Superior Court*,
   190 Cal. App. 3d 1662 (1987).................................................................. 3

*General Motors Corp. v. Superior Court*,
   141 Cal. App. 3d 966 (1983).................................................................... 3

*Gutierrez v. Superior Court*,
   243 Cal. App. 2d 710 (1966).................................................................... 6

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S.Ct. 1181 (2010)......................................................... 2

*Kallen v. Serretto*,
   126 Cal. App 548 (1932).......................................................................... 6

*Mission Imports, Inc. v. Sup. Ct.*,
   31 Cal. 3d 921 (1982) .............................................................................. 4

*Owens v. Paraco, Inc.*,
   160 Cal. App. 2d 824 (1958).................................................................... 4

*Petherbridge v. Altadena Fed. Sav. & Loan Assn.*,
   37 Cal. App. 3d 193 (1974)...................................................................... 3

*Regents of the University of Calif. v. Superior Court*,
   3 Cal. 3d 529 (1970) ................................................................................ 4

*Rosas v. Superior Court*,
   25 Cal. App. 671 (1994)........................................................................... 6

**STATUTES**

Cal. Civ. Proc. § 396b .................................................................................... 3

Cal. Civ. Proc. § 395.5 ........................................................................... 1, 3, 4, 5

Cal. Corp. §2015(a)(3) ................................................................................... 5

**OTHER AUTHORITIES**

Cal. Prac. Guide Civ. Pro. Before Trial Ch. 14-C: 14:80 ............................... 3

Cal. Prac. Guide Civ. Pro. Before Trial Ch. 3-D: 3:523.5 ............................. 5

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

**(cont'd)**

**Page(s)**

## OTHER AUTHORITIES

Cohelan on California Class Actions § 5:4 (2016-2017 ed.) ........................................................... 3

-iii-

1

<div align="center"><strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong></div>

2

**I.     INTRODUCTION**

3       Plaintiff Steven De La Cruz filed this wage-and-hour putative class action against

4   Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") in the wrong court.   In a wage-and-

5   hour action against a corporation, five possibilities for proper venue exist: (1) where the contract

6   is made; (2) where the contract is to be performed; (3) where the obligation or liability arises; (4)

7   where the breach occurs; or (5) where the corporation resides.  Cal. Code Civ. Proc. § 395.5.

8   None of these options allows Plaintiff to bring this action in Alameda County Superior Court.

9   Thus, the Court must transfer this action to the county of Thermo Fisher's residence for venue

10  purposes:  San Diego County.

11       **(1)     Where the contract is made**:   This action is not based on a contract.  Even it if

12  were, Plaintiff never contracted with Thermo Fisher in Alameda County.

13       **(2)     Where the contract is to be performed**:  Again, this action is not based on

14  contract.  Even if it were, Plaintiff never contracted with Thermo Fisher to perform work in

15  Alameda County.

16       **(3)     Where the obligation or liability arises**:  The crux of Plaintiff's suit is that he

17  failed to receive compliant meal and rest periods during his employment in Chino, which is in

18  San Bernardino County.  Hence, any obligation or liability for purposes of a venue analysis arose

19  in San Bernardino County, not Alameda County.

20       **(4)     Where the breach occurred**:  This action is not based on contract, so this

21  possibility is inapplicable.  Even if the Court were to consider the alleged failure to provide

22  compliant meal and rest periods to be a breach, that alleged breach did not occur in Alameda

23  County, as Plaintiff never worked there.

24       **(5)     Defendant's residence for venue purposes**:  Thermo Fisher does not reside in

25  Alameda County.  For purposes of state court venue, a foreign corporation, like Thermo Fisher,

26  has its county of residence in the state fixed by the identification of its "principal office" in

27

28

<div align="center">-1-</div>

1   California in business documents filed with the California Secretary of State.[1]  Thermo Fisher's

2   2017 annual statement identifies its principal office to be in San Diego County.  Consequently,

3   Thermo Fisher's residence for purposes of venue in a California state court is fixed by statute in

4   San Diego County Superior Court.

5         Because venue is not proper in Alameda County, the Court must transfer this action to the

6   county of Defendant's residence, San Diego County.

7   **II.      FACTUAL AND PROCEDURAL BACKGROUND**

8         Plaintiff worked as a non-exempt Material Handler from on or about May 19, 2014 to

9   June 8, 2015 at a Chino, California facility.  Declaration of Karen A. Fait ("Fait Decl.") ¶¶ 4-6.

10  Accordingly, during the entirety of his employment, Plaintiff worked in San Bernardino County

11  and earned his wages in San Bernardino County.  *Id*.  He also was provided meal and rest periods

12  in San Bernardino County.  *Id*.  Plaintiff never worked for Thermo Fisher or its subsidiaries in

13  Alameda County.  *Id*.

14        On March 6, 2017, Plaintiff filed this Class Action Complaint against Thermo Fisher in

15  Alameda County Superior Court.  Declaration of Elizabeth A. Brown ("Brown Decl.") ¶ 3, Ex. A.

16  Plaintiff brings his lawsuit on behalf of himself and an alleged class of current and former non-

17  exempt employees of Thermo Fisher in California.  *Id*.  He brings seven causes of action, all

18  premised on his central thesis that Thermo Fisher failed to provide compliant meal periods and

19  permit compliant rest periods.[2]  *Id*.  Plaintiff personally served the Summons and Complaint on

20  Thermo Fisher on July 21, 2017.  *Id*. ¶ 4.

21  **III.     THE COURT MUST TRANSFER THIS ACTION BECAUSE VENUE IS NOT
            PROPER AND THIS MOTION IS TIMELY MADE**
22

23        On a timely motion to transfer venue, "the court *shall*, if it appears that the action or

24  proceeding was not commenced in the proper court, order the action or proceeding transferred to

25  _____

26  [1] The corporation's "principal office" for purposes of venue is distinct from the corporation's
    "principal place of business," which is its nerve center.  *Hertz Corp. v. Friend*, 559 U.S. 77, 130
    S.Ct. 1181 (2010).  Thermo Fisher's principal place of business is in Waltham, Massachusetts.
27  [2] Plaintiff's wage claims, itemized statement claim, and unfair competition claim all appear
    derivative of his claims for failure to provide meal periods and failure to authorize and permit rest
28  periods.  *See* Compl. ¶¶ 63-76; 97-101.

-2-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO TRANSFER VENUE

1   the proper court." Cal. Civ. Proc. § 396b (emphasis added).  The burden is on the party seeking a

2   change of venue to defeat the plaintiff's choice of venue.  *Buran Equip. Co. v. Superior Court*,

3   190 Cal. App. 3d 1662, 1666 (1987).

4       In determining whether venue is proper in a class action, the Court must examine venue as

5   if the lawsuit were brought as an individual action.  This is because "[a] predicate to a plaintiff's

6   right to represent a class is his eligibility to sue in his own right; what he may not achieve

7   himself, he may not accomplish as a representative of a class*." General Motors Corp. v. Superior*

8   *Court*, 141 Cal. App. 3d 966, 969 (1983) (quoting *Petherbridge v. Altadena Fed. Sav. & Loan*

9   *Assn.*, 37 Cal. App. 3d 193 (1974)).  Consequently, the venue requirements for class actions are

10  the same as if the class representative was suing individually.  "Thus, unless venue would be

11  proper in a personal lawsuit by the plaintiff, it is not proper in a class action."  Cal. Prac. Guide

12  Civ. Pro. Before Trial Ch. 14-C: 14:80 (citing *General Motors Corp*, 141 Cal. App. 3d at 969);

13  *see also* Cohelan on California Class Actions § 5:4 (2016-2017 ed.) ("The class representative's

14  cause of action should support venue in the county of choice.") (citing same).

15      **A.    This Motion Is Timely.**

16      A motion for transfer because an action was filed in an "improper" court must be made

17  within the time permitted to respond to the complaint, which is 30 days from service of the

18  summons and complaint.  Cal. Civ. Proc. Code § 396b.  Plaintiff personally served the Summons

19  and Complaint on Thermo Fisher on July 21, 2017.  Brown Decl. ¶ 4.  Defendant is filing this

20  motion on August 16, 2017, which is within 30 days of July 21, 2017.  Accordingly, it is timely

21  filed pursuant to California Code of Civil Procedure section 396b.

22      **B.    Alameda County Is Not A Proper Venue Under CCP 395.5.**

23      "It is well established that a defendant is entitled to have an action tried in the county of

24  his or her residence unless the action falls within some exception to the general venue rule."

25  *Brown v. Sup. Ct.*, 37 Cal. 3d 477, 483 (1984).  In a transitory action[3] against a corporation, the

26  _____

27  [3] Venue rules vary depending on whether an action is local or transitory.  A local action is one for
    where the main relief sought relates to rights in real property.  This action is "transitory" as it
    does not relate in any way to rights in real property.  Cal. Code Civ. Proc. § 395(a); *Brown v. Sup.*
28  *Ct.*, 37 Cal.3d 477, 482 (1984).

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO TRANSFER VENUE

proper venue is governed by California Code of Civil Procedure section 395.5. *See Mission Imports, Inc. v. Sup. Ct.*, 31 Cal. 3d 921, 927 (1982) ("Venue of transitory actions against corporations is governed by section 395.5.").

Section 395.5 provides five potential possibilities for venue in state court "(1) [i]n the county where the contract is made or (2) is to be performed, or (3) where the obligation or liability arises, or (4) the breach occurs, or (5) in the county where the principal place of business of such corporation is situated…" Cal. Code Civ. Proc. § 395.5. In the present action, Alameda County is not a proper venue under any of these options.

### 1. No contract was made in Alameda County.

Plaintiff does not bring any claim for breach of contract, so this potential basis for venue is inapplicable. *See* Cmplt. Indeed, he does not even allege that he entered any contract with Thermo Fisher relevant to his claims, let alone a contract in Alameda County. *Id.*

### 2. No contract was performed in Alameda County.

Plaintiff does not bring any claim for breach of contract, so this potential basis for venue is inapplicable. *See* Cmplt. Plaintiff does not allege any contract is to be performed in Alameda County. *Id.*

### 3. The obligation or liability did not arise in Alameda County.

An obligation or liability arises where the injury occurs. *Regents of the University of Calif. v. Superior Court*, 3 Cal. 3d 529, 542 (1970) ("It is where the shaft strikes, not where it is drawn, that counts"); *see also Owens v. Paraco, Inc.*, 160 Cal. App. 2d 824, 826 (1958) (in action seeking overtime compensation venue was proper in Sacramento County where the plaintiff worked and was paid).

Thus, this action arises in San Bernardino County, which is where Plaintiff worked and the alleged wage-and-hour violations occurred. Specifically, the crux of Plaintiff's case is that Thermo Fisher injured him by not always providing compliant meal and rest breaks (Cmplt. ¶¶ 5-10), and, in the case of some meal periods, nonetheless deducting 30 minutes of pay (Cmplt. ¶ 7). Because, Plaintiff worked and took his all of his meal and rest breaks in Chino, California (Fait

Decl. ¶¶ 4-6), which is in San Bernardino County, any obligations and liabilities arise there and not in Alameda County.

### 4. No breach occurred in Alameda County.

Here again, because Plaintiff does not bring any claim for breach of contract, this potential basis for venue is inapplicable. *See* Cmplt. Moreover, even if one interpreted "breach" to include violations of California labor laws, as stated in subsection III.B.3. above, any such violations giving rise to this action occurred in San Bernardino County — not Alameda County.

### 5. Thermo Fisher does not reside in Alameda County.

A foreign corporation's residence for venue purposes is fixed by its designation of a "principal office in the State of California" in corporate documents filed with the California Secretary of State. Cal. Corp. Code §2015(a)(3) (requiring designation of the "street address of [a foreign corporation's] principal office within the state"). *See also Bohn v. Better Biscuits, Inc.*, 26 Cal. App. 2d 61, 64 (1938) ("The designation of the principal place of business of a foreign corporation in this state is contained in the statement which it is required to file in the office of the secretary of state before it may legally transact business in this state.").

Moreover, a corporation may update its principal office designation using annual statements that it is required to file with the California Secretary of State. Cal. Corp. Code §2015(a)(3). If a corporation is sued in a county other than one identified in California Code of Civil Procedure section 395.5, it may move to change venue to the county of its residence. Cal. Prac. Guide Civ. Pro. Before Trial Ch. 3-D: 3:523.5.

Thermo Fisher has never identified its principal office as being in Alameda County in its filings with the California Secretary of State. Accordingly, Thermo Fisher does not reside in Alameda County for purposes of venue. For purposes of establishing state court venue, Thermo Fisher instead resides in San Diego County.

When Thermo Fisher first filed its business entity documents with the California Secretary of State on August 19, 1974, as a perquisite to doing business in California, it identified its principal office in the state of California as 1541 South Richey Street, Santa Ana, California

-5-

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO TRANSFER VENUE

92705. [4]  Declaration of Stephanie A. Colton ("Colton Decl."), ¶ 3, Ex. A (Statement of Designation of Foreign Corporation).  Thus, as of August 19, 1974, its county of residence in the State of California for venue purposes was fixed as Orange County.

On June 1, 2017, Thermo Fisher filed its most recent annual Statement of Information, which identified its principal office in the State of California to be a location in San Diego County:  5781 Van Allen Way, Carlsbad, California 92008.  Colton Decl. ¶ 5, Ex. C (Thermo Fisher's 2017 Statement of Information).  Thus, Thermo Fisher's residence for purposes of the venue statutes is now fixed in San Diego County.  *Rosas v. Superior Court*, 25 Cal. App. 671, 673-74 (1994); *Gutierrez v. Superior Court*, 243 Cal. App. 2d 710, 728 (1966).

**C.      Transfer of the Action to San Diego County is Proper.**

If venue in an action against a corporate defendant is not proper, the action must be transferred to the county of the corporation's residence in the State of California.  *Brown v. Sup. Ct.*, 37 Cal. 3d 477, 483 (1984) ("It is well established that a defendant is entitled to have an action tried in the county of his or her residence [in the state] unless the action falls within some exception to the general venue rule.")  Proper venue is determined at the time a motion to transfer is made.  *Kallen v. Serretto*, 126 Cal. App 548, 549 (1932) ("The right of the moving party to a change [of venue] depends upon the conditions existing at the time the demand is made.").  Since Alameda County is not the proper venue for this action, the court must transfer this case to the county of Thermo Fisher's residence — San Diego County.

//

//

//

//

//

//

---

[4] As explained in the Declaration of Stephanie A. Colton, Thermo Fisher previously was named Thermo Electron Corporation.  Colton Decl. ¶¶ 3-4.  Thermo Fisher updated its name to Thermo Fisher Scientific, Inc. in 2006 and filed the appropriate amendment with the California Secretary of State.  Colton Decl. ¶ 4, Ex. B.

1

## IV.     CONCLUSION

2
            For all the foregoing reasons, Thermo Fisher respectfully requests that the Court grant its

3
motion to transfer.

4
Dated: August 16, 2017                          GRUBE BROWN & GEIDT LLP

5

6
                                                By:_____
                                                      ELIZABETH A. BROWN
7

8
                                                Attorneys for Defendant
                                                THERMO FISHER SCIENTIFIC INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1

**PROOF OF SERVICE**

2          I am employed in the City of San Francisco and County of San Francisco, State of

3     California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4     business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5          On August 16, 2017, I served a copy of the within document(s):

6     **DEFENDANT THERMO FISHER SCIENTIFIC INC.'S NOTICE OF MOTION AND
      MOTION TO TRANSFER VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL
7     PROCEDURE SECTIONS 396b; MEMORANDUM OF POINTS AND AUTHORITIES IN
      SUPPORT THEREOF**

8
      on the interested parties:
9

10    ☐    VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below on this date before 5:00 p.m.

11
      ☒    VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
12          processing of correspondence for mailing.  Under that practice such sealed
            envelope(s) would be deposited with the U.S. postal service on the above date with
13          postage thereon fully prepaid, at San Francisco, California.

14    ☐    VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
            _____ envelope and affixing a pre-paid air bill, and causing the envelope to be
15          delivered to a _____ agent for delivery.

16    ☐    VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
            above to the person(s) at the address(es) set forth below.
17

18    ☐    VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the
            person(s) set forth below using the e-mail address(es) indicated, pursuant to the
19          parties' electronic service agreement.

20
      William Turley
21    David Mara
      Jill Vecchi
22    THE TURLEY & MARA LAW FIRM, APLC
      7428 Trade Street
23    San Diego, CA   92121

24

25         I declare under penalty of perjury under the laws of the State of California that the above

26    is true and correct.

27         Executed on August 16, 2017, at San Francisco, California.

28                                      _____
                                         Janet Gogna

- 1 -

1   ELIZABETH A. BROWN (SB# 235429)
    lisabrown@gbgllp.com
2   KATHERINE C. HUIBONHOA (SB# 207648)
    kathyhuibonhoa@gbgllp.com
3   RYAN CRAIN (SB# 266172)
    ryancrain@gbglllp.com
4   GRUBE BROWN & GEIDT LLP
    601 Montgomery Street, Suite 1150
5   San Francisco, CA  9411
    Telephone:  (415) 603-5000
6   Facsimile:  (415) 840-7210

7

8   Attorneys for Defendant
    THERMO FISHER SCIENTIFIC INC.

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                              COUNTY OF ALAMEDA

12

13  STEVEN DE LA CRUZ on behalf of himself,      CASE NO. RG17851792
    all others similarly-situated, and on behalf of
14  the general public,                          DECLARATION OF ELIZABETH A.
                                                 BROWN IN SUPPORT OF DEFENDANT
15                                               THERMO FISHER SCIENTIFIC INC.'S
                    Plaintiffs,                  MOTION TO TRANSFER VENUE
16                                               PURSUANT TO CALIFORNIA CODE OF
          vs.                                    CIVIL PROCEDURE SECTIONS 396b
17
    THERMO FISHER SCIENTIFIC, INC., and
18  DOES 1-100,
                                                 Date:        October 24, 2017
19                  Defendants.                  Time:        3:00 p.m.
                                                 Judge:       Hon. Brad Seligman
20                                               Dept.:       30

21                                               Reservation No. R-1882113

22                                               Complaint Filed:  March 6, 2017

23

24

25

26

27

28

_____
DECLARATION OF ELIZABETH A. BROWN ISO OF DEFENDANT'S MOTION TO TRANSFER VENUE

I, Elizabeth A. Brown, declare:

1. I am a partner in the firm of Grube Brown & Geidt LLP, counsel for Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher"). I am duly admitted to practice before this Court and all courts in the State of California.

2. Unless otherwise noted, I have personal knowledge of the matters set forth in this declaration or know of them based on my review of documents maintained in the ordinary course of business by Grube Brown & Geidt LLP, and if called as a witness, could and would testify as to their accuracy.

3. Attached to this declaration as Exhibit A is a true and correct copy of Plaintiff Steven De La Cruz's Complaint, which was filed in the Superior Court of California for the County of Alameda on March 6, 2017.

4. I am informed and believe that Plaintiff served the Summons and Complaint on Thermo Fisher on June 21, 2017, via personal delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of August, 2017, at Los Angeles, California.

_____
ELIZABETH A. BROWN

-1-

DECLARATION OF ELIZABETH A. BROWN ISO OF DEFENDANT'S MOTION TO TRANSFER VENUE

Exhibit A

*14954076*

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jill Vecchi, Esq. (299333)
3  **THE TURLEY & MARA LAW FIRM, APLC**
   7428 Trade Street
4  San Diego, California 92121
   Telephone: (619) 234-2833
5  Facsimile: (619) 234-4048

6  Attorneys for STEVEN DE LA CRUZ,
   on behalf of himself, all others similarly situated,
7  and on behalf of the general public.

**FILED**
ALAMEDA COUNTY

MAR 0 6 2017

CLERK OF THE SUPERIOR COURT
By _____
       JANIE THOMAS, Deputy

8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF ALAMEDA

11  STEVEN DE LA CRUZ on behalf of        Case No.  RG17851792
    himself, all others similarly situated,
12  and on behalf of the general public,
                                          PLAINTIFF'S CLASS ACTION
13  Plaintiffs,                           COMPLAINT FOR DAMAGES,
                                          INJUNCTIVE RELIEF, DECLARATORY
14  v.                                    RELIEF, AND RESTITUTION

15  THERMO FISHER SCIENTIFIC,             1) Failure to Pay All Straight Time
16  INC.; and DOES 1-100,                    Wages;
                                          2) Failure to Pay Overtime;
17  Defendants.                           3) Failure to Provide Meal Periods (Lab.
                                             Code §§ 226.7, 512, IWC Wage Order
18                                           Nos. 9-1998, 9-2000, 9-2001(11); Cal.
                                             Code Regs., tit. 8 § 11090);
19                                        4) Failure to Authorize and Permit Rest
20                                           Periods (Lab. Code § 226.7; IWC
                                             Wage Order Nos. 9-1998, 9-2000, 9-
21                                           2001(12); Cal. Code Regs. Title 8 §
                                             11090);
22                                        5) Knowing and Intentional Failure to
23                                           Comply with Itemized Employee
                                             Wage Statement Provisions (Lab.
24                                           Code §§ 226, 1174, 1175);
                                          6) Failure to Pay All Wages Due at the
25                                           Time of Termination of Employment
                                             (Lab. Code §§201-203);
26                                        7) Violation of Unfair Competition Law
                                             (Bus. & Prof. Code § 17200, et seq.).
27
28                                        **DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT                 1

BY FAX

Plaintiffs STEVEN DE LA CRUZ, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.     This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, STEVEN DE LA CRUZ, and all non-exempt, hourly workers who are presently or formerly employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.     At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC., and/or DOES have conducted business in Alameda County and elsewhere within California.

3.     At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC., and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.     At all times mentioned herein, the common policies and practices of THERMO FISHER SCIENTIFIC, INC., and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked. Specifically, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or

practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.   For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8.   For at least four years prior to filing of this action and through the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9.   For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10.   For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest

period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11.  For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

12.  For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

13.  For at least four years prior to the filing of this action and through to the present, THERMO FISHER SCIENTIFIC, INC., and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

14.  Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

15.  Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

16.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to comply with Labor Code

section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

17. THERMO FISHER SCIENTIFIC, INC., and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

18. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of THERMO FISHER SCIENTIFIC, INC., and/or DOES duty owed to Plaintiff and the proposed class.

19. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

20. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES denial of wages and other compensation due to Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

21. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES each and collectively controlled the wages, hours, and working conditions of Plaintiff and the Class he seeks to represent, creating a joint-employer relationship over Plaintiff and the Class he seeks to represent.

22. Plaintiff STEVEN DE LA CRUZ, on behalf of himself and all of THERMO FISHER SCIENTIFIC, INC., and/or DOES Non-Exempt Employees, brings this action pursuant to

1    *California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, and

2    California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime,

3    meal and rest period compensation, penalties, injunctive and other equitable relief, and

4    reasonable attorneys' fees and costs.

5  23.   Plaintiff STEVEN DE LA CRUZ, on behalf of himself and all putative Class Members of

6    THERMO FISHER SCIENTIFIC, INC., and/or DOES non-exempt employees, pursuant

7    to *California Business and Professions Code* sections 17200-17208, also seeks injunctive

8    relief, restitution, and disgorgement of all benefits THERMO FISHER SCIENTIFIC, INC.,

9    and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages,

10    and meal and rest period compensation.

11       **I.**   **VENUE**

12

13  24.   Venue as to each Defendant, THERMO FISHER SCIENTIFIC, INC., and/or DOES, is

14    proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants

15    THERMO FISHER SCIENTIFIC, INC., and/or DOES conduct business and commit

16    Labor Code violations within Alameda County, and each Defendant and/or DOE is within

17    California for service of process purposes. The unlawful acts alleged herein have a direct

18    effect on Plaintiff and those similarly situated within the State of California and within

19    Alameda County. Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES

20    employ numerous Class Members who work in Alameda County, in California.

21       **II.**   **PARTIES**

22  A.   **Plaintiffs**.

23  25.   At all relevant times herein, Plaintiff STEVEN DE LA CRUZ is and was a resident of

24    California. At all relevant times herein, he was employed by Defendants THERMO

25    FISHER SCIENTIFIC, INC., and/or DOES within the last four years as a non-exempt,

26    hourly worker in California.

27  26.   On information and belief, Plaintiff and all other members of the proposed Class

28    experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common

company policies of failing to pay all straight time and overtime wages owed.

27.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

28.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common policies and/or practices of failing to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

29.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

30.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

31.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC., and/or DOES common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with THERMO FISHER SCIENTIFIC, INC.,

and/or DOES was willful.

32. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants THERMO FISHER SCIENTIFIC, INC., and/or DOES fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

33. Plaintiff and the proposed class he seeks to represent are covered by, inter alia, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

B. **Defendants**.

34. At all relevant times herein, THERMO FISHER SCIENTIFIC, INC., and/or DOES sell laboratory equipment, chemicals, supplies, and services used in healthcare, scientific research, safety, and education. THERMO FISHER SCIENTIFIC, INC. and/or DOES have employed hourly, non-exempt employees like Plaintiff STEVEN DE LA CRUZ throughout the statutory liability period to work in their facilities.

35. On information and belief, THERMO FISHER SCIENTIFIC, INC., and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

36. THERMO FISHER SCIENTIFIC, INC., and/or DOES principal place of business is in the State of California.

37. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

38.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

39.   Plaintiff brings this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

> All persons who are or have been employed by THERMO FISHER

SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours.

All persons who are or have been employed by THERMO FISHER

SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendant.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who were deducted wages for meal periods.

40.    Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to

1   amend or modify the Class description with greater specificity or further division into

2   subclasses or limitation to particular issues.

3  41.  This action has been brought and may properly be maintained as a class action under the

4   provisions of section 382 of the California Code of Civil Procedure because there is a well-

5   defined community of interest in the litigation and the proposed Class is easily

6   ascertainable.

7  **A.**   **Numerosity.**

8  42.  The potential members of the Class as defined are so numerous that joinder of all the

9   members of the Class is impracticable. While the precise number of Class Members has

10   not been determined at this time, Plaintiff is informed and believes that THERMO FISHER

11   SCIENTIFIC, INC., and/or DOES currently employ, and during the liability period

12   employed, over fifty employees, all in the State of California, in positions as THERMO

13   FISHER SCIENTIFIC, INC. hourly non-exempt employees.

14  43.  Accounting for employee turnover during the relevant periods increases this number

15   substantially. Upon information and belief, Plaintiff alleges THERMO FISHER

16   SCIENTIFIC, INC., and/or DOES employment records would provide information as to

17   the number and location of all Class Members. Joinder of all members of the proposed

18   Class is not practicable.

19

20  **B.**   **Commonality.**

21  44.  There are questions of law and fact common to the Class that predominate over any

22   questions affecting only individual Class Members. These common questions of law and

23   fact include, without limitation:

24        (1)    Whether THERMO FISHER SCIENTIFIC, INC., and/or

25        DOES violated the *Labor Code* and/or applicable IWC Wage Orders in

26        failing to pay its non-exempt workers all earned wages at the regular rate

27        for all hours worked.

28        (2) Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES

uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(5)     Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(6)     Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(7)     Whether THERMO FISHER SCIENTIFIC, INC., and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(8)     The answer to each of these respective questions will

generate a common answer capable of resolving class-wide liability in one stroke.

45.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.     Typicality.**

46.    The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by THERMO FISHER SCIENTIFIC, INC., and/or DOES common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

47.    Plaintiffs STEVEN DE LA CRUZ was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as STEVEN DE LA CRUZ was subjected to the same unlawful policies and practices as all hourly non-exempts, his claims are typical of the class he seeks to represent.

**D.     Adequacy of Representation.**

48.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

49.    Plaintiff is ready and willing to take the time necessary to help litigate this case.

50.    Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

51.    Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

52.    Specifically, William Turley, Esq. and David Mara, Esq. are California lawyers in good standing.

53.    Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

54. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

55. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

56. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

57. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

58. Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

59. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

E.    **Superiority of Class Action.**

60. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of THERMO FISHER SCIENTIFIC, INC., and/or DOES illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

61. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management

1    of this action that would preclude its maintenance as a class action.

2    62.    Because such common questions predominate over any individualized issues and/or

3           questions affecting only individual members, class resolution is superior to other methods

4           for fair and efficient adjudication.

5    **IV.    CAUSES OF ACTION**

6           **First Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or
7           DOES: Failure to Pay All Straight Time Wages**

8    63.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

9           and every other paragraph in this Complaint herein as if fully plead.

10   64.    Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those

11          similarly situated for all hours worked. Specifically, Defendants and/or DOES have a

12          continuous and consistent policy of clocking-out Plaintiff and those similarly situated for

13          a thirty (30) minute meal period, even though Plaintiff and all members of the Class work

14          through their meal periods.

15   65.    Thus, THERMO FISHER SCIENTIFIC, INC., and/or DOES shave/steal earned wages

16          from Plaintiff and each and every member of the Class each and every day they work

17          without a meal period and have time deducted.

18   66.    Plaintiff and those similarly situated Class members are informed and believe and thereon

19          allege that THERMO FISHER SCIENTIFIC, INC., and/or DOES breached the legal duty

20          to pay full wages to Plaintiff by deducting a portion of the wages earned when Plaintiff and

21          the Class members' actual time records indicated that a meal period was not taken.

22          THERMO FISHER SCIENTIFIC, INC., and/or DOES did not make reasonable efforts to

23          determine whether the time deducted was actually worked as reported by Plaintiff and

24          Class members. THERMO FISHER SCIENTIFIC, INC., and/or DOES, without a

25          reasonable basis, presumed that actual reported hours had not been accurately reported.

26          The conduct complained of is a form of what is sometimes called "dinging," "shaving," or

27          "scrubbing" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC., and/or

28

DOES also failed to pay for the overtime that was due pursuant to *Labor Code* 510, 515 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

67.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

68.   As a direct result of THERMO FISHER SCIENTIFIC, INC., and/or DOES policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

69.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Second Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Pay Overtime**

70.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

71.   It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

72.   THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to pay overtime when

CLASS ACTION COMPLAINT                         17

employees worked over 8 hours per day and when employees worked over 40 hours per week.

73.    Plaintiff and those similarly situated Class members were employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES at all relevant times. THERMO FISHER SCIENTIFIC, INC., and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

74.    Plaintiff and those similarly situated Class members are informed and believe and thereon allege that THERMO FISHER SCIENTIFIC, INC., and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiff's and the Class Members' actual time records indicated that a meal period was not taken. THERMO FISHER SCIENTIFIC, INC., and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. THERMO FISHER SCIENTIFIC, INC., and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. THERMO FISHER SCIENTIFIC, INC., and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC., and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

75.    Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in

amounts according to proof at time of trial. THERMO FISHER SCIENTIFIC, INC., and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class Members. THERMO FISHER SCIENTIFIC, INC., and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

76.  WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Third Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

77.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

78.  Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

79.  In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

80.  Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

workday that the meal period is not provided.

81. THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, THERMO FISHER SCIENTIFIC, INC., and/or DOES non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

82. THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

83. THERMO FISHER SCIENTIFIC, INC., and/or DOES business model was such that Non-Exempt Employees were assigned too much work and with insufficient help due to chronic understaffing to be able to take meal periods. Thus, Plaintiff and the class would not be able to take meal periods despite the fact that Defendant and or DOES clocked out Plaintiff as if they did take 30-minute meal periods.

84. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take meal periods.

85. THERMO FISHER SCIENTIFIC, INC., and/or DOES would not permit Plaintiff and the class to take 30-minute meal periods unless specifically scheduled to or expressly told to by Defendant and/or DOES. This routinely resulted in Plaintiffs and the class members not being able to take a meal period, if at all, until after the fifth hour.

86. THERMO FISHER SCIENTIFIC, INC., and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

87. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, THERMO FISHER SCIENTIFIC, INC., and/or DOES willfully violated

the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

88.  As a result of the unlawful acts of THERMO FISHER SCIENTIFIC, INC., and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with THERMO FISHER SCIENTIFIC, INC., and/or DOES.

89.  WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

**Fourth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

90.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

91.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

92.  THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

93.  In the alternative, THERMO FISHER SCIENTIFIC, INC., and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiff and the class had to work through their rest periods.

94.  Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC., and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time

frames, resulting in Plaintiff and those similarly situated not being able to take rest periods.

95.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fifth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040)**

96.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

97.   *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, to itemize in wage statements and to accurately report the total hours worked and total wages earned. THERMO FISHER SCIENTIFIC, INC., and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiff STEVEN DE LA CRUZ and members of the proposed Class.

98.   *Labor Code* section 1174 requires THERMO FISHER SCIENTIFIC, INC., and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. THERMO FISHER SCIENTIFIC, INC., and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 1174. The failure of THERMO FISHER SCIENTIFIC, INC., and/or DOES, and each of them, to comply with *Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

99.   THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to maintain accurate time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7), 9-1998(7) and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

100.   As a direct result of THERMO FISHER SCIENTIFIC, INC., and/or DOES unlawful acts, Plaintiffs and the class they intend to represent have been damaged and are entitled to

1    recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to

2    *Labor Code* section 226.

3   101.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

4    below.

5

6   **Sixth Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

7

8   102.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

9    and every other paragraph in this Complaint herein as if fully plead.

10   103.   Plaintiff STEVEN DE LA CRUZ terminated his employment with THERMO FISHER

11    SCIENTIFIC, INC., and/or DOES.

12   104.   Whether Plaintiff STEVEN DE LA CRUZ voluntarily or involuntarily terminated his

13    employment with THERMO FISHER SCIENTIFIC, INC., and/or DOES, Defendants

14    and/or DOES did not timely pay him straight time wages, overtime wages, meal period

15    premiums, and/or rest period premiums, owed at the time of his termination.

16   105.   Numerous members of the Class are no longer employed by THERMO FISHER

17    SCIENTIFIC, INC., and/or DOES. They were either fired or quit THERMO FISHER

18    SCIENTIFIC, INC., and/or DOES employ. THERMO FISHER SCIENTIFIC, INC.,

19    and/or DOES did not pay all timely wages owed at the time of their termination.

20   106.   *Labor Code* section 203 provides that, if an employer willfully fails to pay, without

21    abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and 205.5,

22    any wages of an employee who is discharged or who quits, the wages of the employee shall

23    continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or

24    until an action therefore is commenced.

25   107.   THERMO FISHER SCIENTIFIC, INC., and/or DOES failed to pay Plaintiff STEVEN DE

26    LA CRUZ a sum certain at the time of his termination or within seventy-two (72) hours of

27    his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant

28

to the provisions of *Labor Code* section 203, Plaintiff STEVEN DE LA CRUZ is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

108. When Plaintiff and those members of the Class who are former employees of THERMO FISHER SCIENTIFIC, INC., and/or DOES separated from THERMO FISHER SCIENTIFIC, INC., and/or DOES employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

109. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to pay said wages to Plaintiff STEVEN DE LA CRUZ and members of the Class he seeks to represent, was willful in that THERMO FISHER SCIENTIFIC, INC., and/or DOES and each of them knew the wages to be due, but failed to pay them.

110. As a consequence of THERMO FISHER SCIENTIFIC, INC., and/or DOES willful conduct in not paying wages owed at the time of separation from employment, Plaintiff STEVEN DE LA CRUZ and members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

111. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Seventh Cause of Action Against THERMO FISHER SCIENTIFIC, INC., and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

112. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

113. THERMO FISHER SCIENTIFIC, INC., and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited

by *California Business and Professions Code* section 17200, et seq.

114.   The actions of THERMO FISHER SCIENTIFIC, INC., and/or DOES in failing to pay
Plaintiff and members of the proposed Class in a lawful manner, as alleged herein,
constitutes false, unfair, fraudulent and deceptive business practices, within the meaning
of *California Business and Professions Code* section 17200, et seq.

115.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful
practices in order to prevent future damage, for which there is no adequate remedy at law,
and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as
members of the general public actually harmed and as a representative of all others subject
to THERMO FISHER SCIENTIFIC, INC., and/or DOES unlawful acts and practices.

116.   As a result of their unlawful acts, THERMO FISHER SCIENTIFIC, INC., and/or DOES
have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed
Class he seeks to represent. THERMO FISHER SCIENTIFIC, INC., and/or DOES should
be enjoined from this activity and made to disgorge these ill-gotten gains and restore
Plaintiff and the members of the proposed Class pursuant to *Business and Professions Code*
section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants
and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff
and members of the proposed class.

117.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the
proposed class are prejudiced THERMO FISHER SCIENTIFIC, INC., and/or DOES
unfair trade practices.

118.   As a direct and proximate result of the unfair business practices of THERMO FISHER
SCIENTIFIC, INC., and/or DOES, and each of them, Plaintiff, individually and on behalf
of all employees similarly situated, are entitled to equitable and injunctive relief, including
full restitution and/or disgorgement of all wages and premium pay which have been
unlawfully withheld from Plaintiff and members of the proposed Class as a result of the
business acts and practices described herein and enjoining THERMO FISHER

SCIENTIFIC, INC., and/or DOES from engaging in the practices described herein.

119. The illegal conduct alleged herein is continuing, and there is no indication that THERMO FISHER SCIENTIFIC, INC., and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if THERMO FISHER SCIENTIFIC, INC., and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

120. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting THERMO FISHER SCIENTIFIC, INC., and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

121. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9. For all waiting time penalties owed;

10. That Defendants be found to have engaged in unfair competition in violation of

sections 17200 et seq. of the *California Business and Professions Code*;

11. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

12. That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

13. That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

14. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions Code*;

15. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

16. For attorneys' fees;

17. For interest accrued to date;

18. For costs of suit and expenses incurred herein; and

19. For any such other and further relief as the Court deems just and proper.

Dated: March 6, 2017

**THE TURLEY & MARA LAW FIRM, APLC**

William Turley, Esq.
Dave Mara, Esq.
Jill Vecchi, Esq.
Representing Plaintiff STEVEN DE LA CRUZ
on behalf of himself, all others similarly situated,
and on behalf of the general public.

## PROOF OF SERVICE

I am employed in the City of San Francisco and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On August 16, 2017, I served a copy of the within document(s):

**DECLARATION OF ELIZABETH A. BROWN IN SUPPORT OF DEFENDANT THERMO FISHER SCIENTIFIC INC.'S MOTION TO TRANSFER VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 396b**

on the interested parties:

☐     VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐     VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐     VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐     VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

William Turley
David Mara
Jill Vecchi
THE TURLEY & MARA LAW FIRM, APLC
7428 Trade Street
San Diego, CA   92121

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2017, at San Francisco, California.

_____
Janet Gogna

- 1 -
PROOF OF SERVICE

1 | GRUBE BROWN & GEIDT LLP
ELIZABETH A. BROWN (SB# 235429)
2 | lisabrown@gbgllp.com
KATHERINE C. HUIBONHOA (SB# 207648)
3 | kathyhuibonhoa@gbgllp.com
RYAN CRAIN (SB# 266172)
4 | ryancrain@gbgllp.com
601 Montgomery Street, Suite 1150
5 | San Francisco, CA  9411
Telephone:  (415) 603-5000
6 | Facsimile:  (415) 840-7210

7

Attorneys for Defendant
8 | THERMO FISHER SCIENTIFIC, INC.

9

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 6 2017

CLERK OF THE SUPERIOR COURT
By ___ Molly J. Kautz ___ Deputy

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

COUNTY OF ALAMEDA

12

13 | STEVEN DE LA CRUZ on behalf of himself,
14 | all others similarly-situated, and on behalf of
the general public,
15 |               Plaintiffs,
16 | vs.
17 | THERMO FISHER SCIENTIFIC, INC., and
18 | DOES 1-100,
19 |               Defendants.
20

CASE NO. RG17851792

**DECLARATION OF STEPHANIE A. COLTON IN SUPPORT OF DEFENDANT THERMO FISHER SCIENTIFIC, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 396b**

Date:        October 24, 2017
Time:        3:00 p.m.
Judge:       Hon. Brad Seligman
Dept.:       30

**Reservation No. R-1882113**

Complaint Filed:  March 6, 2017

21

22

23

24

25

26

27

28

DECLARATION OF STEPHANIE A. COLTON ISO OF DEFENDANT'S MOTION TO TRANSFER VENUE

I, Stephanie A. Colton, declare:

1.      I am the Senior Legal Entities Manager for Thermo Fisher Scientific, Inc. ("Thermo Fisher"). I have held this position since March 2015. From February 2014 to March 2015, I held the position of Legal Entities Manager for Thermo Fisher.

2.      I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would testify competently to the facts stated herein.

3.      As part of my job duties as Senior Legal Entities Manager for Thermo Fisher, I maintain and have access to business entity documents filed by Thermo Fisher with the California Secretary of State. In the regular course of my duties I authorize the filing of these documents, including Thermo Fisher's annual Statement of Information form, and review them if needed. Accordingly, I am familiar with Thermo Fisher's filings with the California Secretary of State, including Statement of Information filings.

4.      On August 19, 1974, Thermo Electron Corporation filed its Statement and Designation by a Foreign Corporation ("Statement and Designation") with the California Secretary of State. The Statement and Designation identified its principal office in the state of California as 1541 South Richey Street, Santa Ana, California 92705.   Thermo Electron Corporation was given an entity number by the Secretary of State at that time: 720674. This entity number appears at the top right corner of the Statement and Designation of Foreign Corporation. Thermo Electron Corporation was the prior name of Thermo Fisher, as explained more fully below. A true and correct copy of Thermo Electron Corporation's Statement and Designation of Foreign Corporation is attached hereto as Exhibit A.

5.      On November 14, 2006, Thermo Fisher filed an Amended Statement by Foreign Corporation ("Amended Statement") with the California Secretary of State. The Amended Statement amended the name of the corporation from Thermo Electron Corporation to Thermo Fisher Scientific, Inc. Pursuant to California requirements, the Amended Statement included a certificate from the Delaware Secretary of State certifying Thermo Fisher's name

-1-

1    change.   Thermo Fisher's assigned entity number —720674 — is written on the center of the

2    Statement of Information.  A true and correct copy of Thermo Fisher's Amended Statement with

3    the referenced certificate is attached hereto as Exhibit B.

4             6.       On June 1, 2017, Thermo Fisher filed its most recent Statement of

5    Information with the California Secretary of State.   The Statement of Information identified

6    Thermo Fisher's principal office in California to be a location in San Diego County:  5781 Van

7    Allen Way, Carlsbad, California 92008.  Thermo Fisher's assigned entity number —720674 —

8    appears in the top right corner of this Statement of Information.   A true and correct copy of

9    Thermo Fisher's 2017 Statement of Information is attached hereto as Exhibit C.

10

11             I declare under penalty of perjury under the laws of the State of California that the

12    foregoing is true and correct.

13             Executed this 14th day of August, 2017, at Carlsbad, California.

14

15                                                          Stephanie A. Colton

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DECLARATION OF STEPHANIE A. COLTON ISO OF DEFENDANT'S MOTION TO TRANSFER VENUE

Exhibit A

DO NOT WRITE IN THIS SPACE

720671

FILED
in the office of the Secretary of State
of the State of California

AUG 1 9 1974

EDMUND G. BROWN Jr., Secretary of State

By _____ Deputy

# STATEMENT AND DESIGNATION BY FOREIGN CORPORATION

THERMO ELECTRON CORPORATION, which will do business
(Name of Corporation)
in California as "Metals Division – Plasma Chemistry
Operation, Thermo Electron Corporation",

a corporation organized and existing under the laws of_____DELAWARE_____

_____, makes the following
(Name of place or state of incorporation)

statements and designation:

1. The location and address of its main office is___101 FIRST AVENUE_____
   WALTHAM, MASSACHUSETTS  02154
   (Insert complete address of principal business office wherever located—Do not use post office box)

2. The location and address of its principal office in the State of California is_____
   1541 SOUTH RITCHEY STREET, SANTA ANA, CALIFORNIA  92705
   (Insert complete address of principal business office in California—Do not use post office box)

3. The specific business it proposes to transact in the State of California is:
   RESEARCH AND DEVELOPMENT OF PLASMA-CHEMISTRY PROCESS.

   REDUCTION AND SALE OF METALS USING PLASMA-CHEMISTRY.

   _____

   _____

   _____

4. *(Use this paragraph if the process agent is a natural person.)*

   _____

a natural person residing in the State of California, whose complete ☐ business ☐ residence address
is_____
   (Do not use post office box)

is designated as its agent upon whom process directed to the corporation may be served within the

State of California in the manner provided by law.

NOTE: Either the business address or the residence address must be given. Indicate which by
Check mark in proper box.

5. *(Use this paragraph if the process agent is a corporation. See instructions.)*

_____ C T CORPORATION SYSTEM _____, a corporation

organized and existing under the laws of_____ DELAWARE _____

is designated as agent upon whom process directed to the undersigned corporation may be served

within the State of California, in the manner provided by law. The name of the city, town or

village wherein said corporate agent has an office, as set forth in the certificate filed by said

corporate agent pursuant to Section 3301.5 or 3301.6 (if a domestic corporation) or pursuant to

Section 6403.5 or 6403.6 (if a foreign corporation), California Corporations Code, at which the

undersigned corporation may be served is_____ LOS ANGELES _____
<br>
(State only name of city, town or village—no street address)

6. The undersigned corporation hereby irrevocably consents to service of process directed to it

upon the agent designated above, and to service of process on the Secretary of State of California

if the agent so designated or the agent's successor is no longer authorized to act or cannot be found

at the address given.

THERMO ELECTRON CORPORATION
<br>
(Name of Corporation)

By_____ *Paul F. Ferrari* _____
<br>
TREASURER                (Title)

**INSTRUCTIONS:**

1. This statement must be signed by the president, a vice president, the secretary, an assistant secretary, or the treasurer of the corporation.

2. No domestic corporation may be designated as agent for service of process unless it has filed with the Secretary of State the certificate provided for by Section 3301.5, Corporations Code, and no foreign corporation may be designated unless it has qualified for the transaction of intrastate business in California and has filed with the Secretary of State of the State of California the certificate provided for by Section 6403.5, California Corporations Code.

3. There must be annexed to this statement a certificate by the public officer of the state or country having custody of the original articles or certificate of incorporation or of the act creating the corporation, or by a public officer authorized by the laws of such state or country to make such certificate, to the effect that the corporation making the statement is an existing corporation in good standing in the state or country of its incorporation.

4. If the corporation is required to qualify under a D.B.A. (name other than true corporate name) pursuant to Section 6404, Corporations Code, then in the first line of this statement set out the correct corporate name, followed by "which will do business in California as_____," setting forth the D.B.A. in the space indicated. The D.B.A. *should not* be set out in connection with the corporate name anywhere else in the statement.

5. If the corporation changes its name or if there be any change in any of the statements made in this statement, then the corporation must file an Amended Statement and Designation, a form of which may be obtained from the Secretary of State.

Exhibit B

A0652915

0720674

FILING

in the office of the Secretary of State
of the State of California

NOV 1 4 2006

## AMENDED STATEMENT BY
## FOREIGN CORPORATION

Thermo Fisher Scientific Inc.
_____
(Name of Corporation)

_____, a corporation organized

and existing under the laws of Delaware_____, and which is presently
(State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was Thermo Electron Corporation

_____

_____

Thermo Fisher Scientific Inc.
_____
(Name of Corporation)

_Anr Schle_____
(Signature of Corporate Officer)

Sharon Schlesinger, Assistant Secretary
_____
(Typed Name and Title of Officer Signing)

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE DO HEREBY CERTIFY THAT THE SAID "THERMO ELECTRON ENGINEERING CORPORATION" FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "THERMO ELECTRON CORPORATION", ON THE TWENTY-NINTH DAY OF AUGUST, A.D. 1967, AT 10 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THE SAID "THERMO ELECTRON CORPORATION" FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "THERMO FISHER SCIENTIFIC INC.", ON THE NINTH DAY OF NOVEMBER, A.D. 2006, AT 12:29 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "THERMO FISHER SCIENTIFIC INC.", IS THE LAST KNOWN TITLE OF RECORD OF THE AFORESAID CORPORATION.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "THERMO FISHER SCIENTIFIC INC." WAS INCORPORATED ON THE ELEVENTH DAY OF OCTOBER, A.D. 1960.

Harriet Smith Windsor

Harriet Smith Windsor, Secretary of State

0558016   8321

061034595

AUTHENTICATION: 5188856

DATE: 11-13-06

Exhibit C

17-629727

| | **Secretary of State** **Statement of Information** (California Stock, Agricultural Cooperative and Foreign Corporations) | **SI-550** |
|---|---|---|

97

**FILED**
**Secretary of State**
**State of California**

**JUN 0 1 2017**

346 | 250 | 25 | 82

*This Space For Office Use Only*

**IMPORTANT — Read instructions before completing this form.**

**Fees (Filing plus Disclosure) – $25.00;**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.)

Thermo Fisher Scientific Inc.

**2.  7-Digit Secretary of State File Number**

C0720674

**3. Business Addresses**

| a. Street Address of Principal Executive Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 168 Third Avenue | Waltham | MA | 02451 |

| b. Mailing Address of Corporation, if different than item 3a | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| c. Street Address of Principal California Office, if any and if different than item 3a - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 5781 Van Allen Way | Carlsbad | CA | 92008 |

**4. Officers**  The Corporation is required to list all three of the officers set forth below.  An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| | Marc | N. | Casper | | | |
| Address | | City (no abbreviations) | | State | Zip Code | |
| 168 Third Avenue | | Waltham | | MA | 02451 | |

| b. Secretary | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| | Seth | H. | Hoogasian | | | |
| Address | | City (no abbreviations) | | State | Zip Code | |
| 168 Third Avenue | | Waltham | | MA | 02451 | |

| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|---|
| | Stephen | | Williamson | | | |
| Address | | City (no abbreviations) | | State | Zip Code | |
| 168 Third Avenue | | Waltham | | MA | 02451 | |

**5. Director(s)**  California Stock and Agricultural Cooperative Corporations ONLY:  Item 5a:  At least one name **and** address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name | Middle Name | Last Name | | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Address | | City (no abbreviations) | State | Zip Code | |
| | | | | | |

| b. Number of Vacancies on the Board of Directors, if any | 0 |
|---|---|

**6. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code | |
| | | CA | | |

CORPORATION – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| Capitol Corporate Services, Inc.   #C1990324 |

**7. Type of Business**

Describe the type of business or services of the Corporation

Provider of analytical instruments, equipment, reagants and consumables, software and services for research, analysis, discovery and diagnostics.

**8. The Information contained herein, including in any attachments, is true and correct.**

| June 1 2017 | S. Colton | Sr. Legal Entities Manager | [signature] SColton |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

1  **PROOF OF SERVICE**

2       I am employed in the City of San Francisco and County of San Francisco, State of

3  California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4  business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5       On August 16, 2017, I served a copy of the within document(s):

6  **DECLARATION OF STEPHANIE A. COLTON IN SUPPORT OF DEFENDANT
   THERMO FISHER SCIENTIFIC, INC.'S MOTION TO TRANSFER VENUE**

7  **PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 396b**

8  on the interested parties:

9  ☐    VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax

10         number(s) set forth below on this date before 5:00 p.m.

11  ☒    VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
          processing of correspondence for mailing.  Under that practice such sealed

12         envelope(s) would be deposited with the U.S. postal service on the above date with
          postage thereon fully prepaid, at San Francisco, California.

13

14  ☐    VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
          _____ envelope and affixing a pre-paid air bill, and causing the envelope to be

15         delivered to a _____ agent for delivery.

16  ☐    VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
          above to the person(s) at the address(es) set forth below.

17  ☐    VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the

18         person(s) set forth below using the e-mail address(es) indicated, pursuant to the
          parties' electronic service agreement.

19

20  William Turley

21  David Mara
   Jill Vecchi

22  THE TURLEY & MARA LAW FIRM, APLC
   7428 Trade Street

23  San Diego, CA   92121

24

25       I declare under penalty of perjury under the laws of the State of California that the above

26  is true and correct.

27       Executed on August 16, 2017, at San Francisco, California.

28                      Janet Gogna

- 1 -

PROOF OF SERVICE

1 | GRUBE BROWN & GEIDT LLP
ELIZABETH A. BROWN (SB# 235429)
2 | lisabrown@gbgllp.com
KATHERINE C. HUIBONHOA (SB# 207648)
3 | kathyhuibonhoa@gbgllp.com
RYAN CRAIN (SB# 266172)
4 | ryancrain@gbgllp.com
601 Montgomery Street, Suite 1150
5 | San Francisco, CA  9411
Telephone:  (415) 603-5000
6 | Facsimile:  (415) 840-7210

7

8 | Attorneys for Defendant
THERMO FISHER SCIENTIFIC, INC.

9

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 6 2017

CLERK OF THE SUPERIOR COURT
By _____ Molly J. Kautz _____
Deputy

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

COUNTY OF ALAMEDA

12

13 | STEVEN DE LA CRUZ on behalf of himself,
all others similarly-situated, and on behalf of
14 | the general public,

15 |                    Plaintiffs,

16 | vs.

17 | THERMO FISHER SCIENTIFIC, INC., and
DOES 1-100,
18

19 |                    Defendants.

20

21

22

CASE NO. RG17851792

**DECLARATION OF KAREN A. FAIT IN
SUPPORT OF DEFENDANT THERMO
FISHER SCIENTIFIC, INC.'S MOTION
TO TRANSFER VENUE PURSUANT TO
CALIFORNIA CODE OF CIVIL
PROCEDURE SECTIONS 396b**

Date:          October 24, 2017
Time:          3:00 p.m.
Judge:         Hon. Brad Seligman
Dept.:         30

**Reservation No. R-1882113**

Complaint Filed: March 6, 2017

23

24

25

26

27

28

DECLARATION OF KAREN A. FAIT ISO OF DEFENDANT'S MOTION TO TRANSFER VENUE

I, Karen A. Fait, declare:

1.  I am a Senior Human Resources Generalist for Thermo Fisher Scientific, Inc. ("Thermo Fisher")'s Customer Channel Group ("CCG"). I have held this position since 1992. I am assigned to CCG's Chino, California location, which was Plaintiff Steven De La Cruz's work location as well. I have worked at the Chino location since the facility opened in 2003.

2.  I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would testify competently to the facts stated herein.

3.  As part of my job duties as a Senior Human Resources Generalist, I have access to personnel employee records of CCG employees ("Personnel Records"), which are prepared and maintained in the ordinary course of business. These Personnel Records include, among other things, personnel files and payroll records relating to employees. I regularly use and rely upon these Personnel Records in the course of performing my job duties

4.  According to the Personnel Records, Plaintiff Steven De La Cruz was employed from May 19, 2014 to June 8, 2015. This comports with my personal recollection regarding the dates of Mr. De La Cruz's employment.

5.  During Plaintiff's employment, he always worked as a non-exempt Material Handler at CCG's Chino, California location. Nothing in Plaintiff's personnel records indicates that he ever worked in Alameda County. Moreover, my personal recollection as the Senior Human Resources Generalist assigned to CCG's Chino location during Plaintiff's employment is that Plaintiff never worked anywhere but Chino, California.

6.  During Plaintiff's employment, he was required to track his work time using an electronic clock system located in the Chino facility where he worked. Not only did Plaintiff report his time worked from the Chino facility, he also took any rest or meal breaks at or around the Chino facility. I am not aware of Plaintiff ever reporting his time or taking a rest or meal break in Alameda County.

-1-

FAIT DECL. ISO DEFENDANT'S MOTION TO TRANSFER VENUE

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3    Executed this 8th day of August, 2017, at Chino, California.

4

5                                                    Karen A. Fait

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

FAIT DECL. ISO DEFENDANT'S MOTION TO TRANSFER VENUE

**PROOF OF SERVICE**

I am employed in the City of San Francisco and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On August 16, 2017, I served a copy of the within document(s):

**DECLARATION OF KAREN A. FAIT IN SUPPORT OF DEFENDANT THERMO FISHER SCIENTIFIC, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 396b**

on the interested parties:

☐   VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐   VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐   VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

William Turley
David Mara
Jill Vecchi
THE TURLEY & MARA LAW FIRM, APLC
7428 Trade Street
San Diego, CA   92121

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2017, at San Francisco, California.

Janet Gogna

- 1 -

PROOF OF SERVICE

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        IN AND FOR THE COUNTY OF ALAMEDA

10

11   STEVEN DE LA CRUZ on behalf of himself,        Case No. RG17851792
     all others similarly-situated, and on behalf of
12   the general public,                            **[PROPOSED] ORDER GRANTING
                                                    DEFENDANT THERMO FISHER
13                       Plaintiffs,                SCIENTIFIC, INC.'S MOTION TO
                                                    TRANSFER VENUE**
14        vs.
                                                    Date:      October 24, 2017
15   THERMO FISHER SCIENTIFIC, INC., and            Time:      3:00 p.m.
     DOES 1-100,                                    Judge:     Hon. Brad Seligman
16   Defendants.                                    Dept.:     30

17                                                  **Reservation No. R-1882113**

18                                                  Complaint Filed:  March 6, 2017

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
         [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

**[PROPOSED] ORDER**

On October 24, 2017, before the Honorable Brad Seligman, the Motion to Transfer Venue filed by Defendant Thermo Fisher Scientific Inc. ("Defendant") ("Motion to Transfer") came on for hearing. All parties were represented at the hearing by their attorneys of record. The Court, having fully considered the papers, evidence, and argument presented by the parties' counsel, HEREBY FINDS AND ORDERS as follows:

1. The Superior Court of the State of California in and for the County of Alameda is not the proper court for trial of this action under California Code of Civil Procedure sections 395.5.

2. Pursuant to California Code of Civil Procedure section 396b. This action is ordered transferred to the Superior Court of the State of California in and for the County of San Diego.

Accordingly, the Motion to Transfer is GRANTED.

IT IS SO ORDERED.

DATED: _____

_____
Hon. Brad Seligman
Judge of the Superior Court

-2-

1                                   **PROOF OF SERVICE**

2        I am employed in the City of San Francisco and County of San Francisco, State of

3 California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4 business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

5        On August 16, 2017, I served a copy of the within document(s):

6 **[PROPOSED] ORDER GRANTING DEFENDANT THERMO FISHER SCIENTIFIC, INC.'S MOTION TO TRANSFER VENUE**

7
8 on the interested parties:

9 ☐   VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10 ☒   VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
11 processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with
12 postage thereon fully prepaid, at San Francisco, California.

13 ☐   VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
14 _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

15 ☐   VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
16 above to the person(s) at the address(es) set forth below.

17 ☐   VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the
18 parties' electronic service agreement.

19 William Turley
20 David Mara
Jill Vecchi
21 THE TURLEY & MARA LAW FIRM, APLC
22 7428 Trade Street
San Diego, CA   92121
23

24       I declare under penalty of perjury under the laws of the State of California that the above
25 is true and correct.

26       Executed on August 16, 2017, at San Francisco, California.

27 _____
Janet Gogna
28

- 1 -
PROOF OF SERVICE