1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jill Vecchi, Esq. (299333)
   **THE TURLEY & MARA LAW FIRM, APLC**
3  7428 Trade Street
   San Diego, California 92121
4  Telephone: (619) 234-2833
   Facsimile: (619) 234-4048
5
   Shaun Setareh (SBN 204514)
6  H. Scott Leviant (SBN 200834)
   **SETAREH LAW GROUP**
7  9454 Wilshire Boulevard, Suite 907
   Beverly Hills, California 90212
8  Telephone (310) 888-7771
   Facsimile (310) 888-0109
9
   Attorneys for STEVEN DE LA CRUZ and CYNTHIA MEGGS
10 on behalf of themselves, all others similarly situated,
   and on behalf of the general public.
11
                    **UNITED STATES DISTRICT COURT**
12                  **CENTRAL DISTRICT OF CALIFORNIA**
13
   STEVEN DE LA CRUZ and              Case No.  5:17-cv-01918-DDP-SP
14 CYNTHIA MEGGS on behalf of
   themselves, all others similarly situated,   **PLAINTIFFS' FIRST AMENDED CLASS**
15 and on behalf of the general public,   **ACTION COMPLAINT FOR DAMAGES,**
                                        **INJUNCTIVE RELIEF, DECLARATORY**
16 Plaintiffs,                          **RELIEF, AND RESTITUTION**
17 v.                                   1)  **Failure to Pay All Straight Time or**
                                            **Minimum Wages;**
18 THERMO FISHER SCIENTIFIC,           2)  **Failure to Pay Overtime;**
19 INC.; MICROGENICS                   3)  **Failure to Provide Meal Periods (Lab.**
   CORPORATION; and DOES 1-100,            **Code §§ 226.7, 512, IWC Wage Order**
20                                          **Nos. 9-1998, 9-2000, 9-2001(11); Cal.**
   Defendants.                              **Code Regs., tit. 8 § 11090);**
21
                                        4)  **Failure to Authorize and Permit Rest**
22                                          **Periods (Lab. Code § 226.7; IWC**
                                            **Wage Order Nos. 9-1998, 9-2000, 9-**
23                                          **2001(12); Cal. Code Regs. Title 8 §**
24                                          **11090);**
                                        5)  **Knowing and Intentional Failure to**
25                                          **Comply with Itemized Employee**
                                            **Wage Statement Provisions (Lab.**
26                                          **Code §§ 226, 1174, 1175);**
27                                      6)  **Failure to Pay All Wages Due at the**
                                            **Time of Termination of Employment**
28                                          **(Lab. Code §§201-203);**

7) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);**
8) **Civil Penalties (Lab. Code §§ 2698 *et seq.*);**
9) **FFailure to Pay Reasonable and Necessary Business Expenses (Lab. Code § 2802).**

**DEMAND FOR JURY TRIAL**

Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS, on behalf of themselves, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.    This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, STEVEN DE LA CRUZ and CYNTHIA MEGGS, and all non-exempt, hourly workers who are presently or formerly employed by THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.    At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have conducted business in Alameda County and elsewhere within California.

3.    At all times mentioned herein, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.    At all times mentioned herein, the common policies and practices of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or

DOES have had a consistent policy and/or practice of not paying Plaintiffs and their Non-Exempt Employees for all of the hours they worked. Specifically, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiffs and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though Plaintiffs and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.     For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiffs, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8.     For at least four years prior to filing of this action and through the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiffs, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have had a consistent policy and/or practice of requiring their Non-Exempt Employees within the State of California, including Plaintiffs, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiffs and their Non-Exempt Employees, accurate itemized employee wage statements.

12.    For at least four years prior to the filing of this action and through to the present, Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiffs and those Non-Exempt Employees who left Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employ or who were terminated.

13. For at least four years prior to the filing of this action and through to the present, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, by failing to lawfully pay Plaintiffs and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq*.

14. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

15. Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employees, including Plaintiffs and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

16. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiffs and the members of the proposed class. Plaintiffs and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

17. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiffs and members of the proposed class.

18. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or

DOES failure to retain accurate records of total hours worked by Plaintiffs and the proposed class was willful and deliberate, was a continuous breach of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES duty owed to Plaintiffs and the proposed class.

19.    Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employees, including Plaintiffs and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

20.    Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES are and were aware that Plaintiffs and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES denial of wages and other compensation due to Plaintiffs and members of the proposed Plaintiff class was willful and deliberate.

21.    Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES each and collectively controlled the wages, hours, and working conditions of Plaintiff and the Class they seek to represent, creating a joint-employer relationship over Plaintiffs and the Class they seek to represent.

22.    Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS, on behalf of themselves and all of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES Non-Exempt Employees, bring this action pursuant to *California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 2698, 2802, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, relief under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and reasonable attorneys' fees and costs.

23.    Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS, on behalf of themselves and

all putative Class Members of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES non-exempt employees, pursuant to *California Business and Professions Code* sections 17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.  VENUE

24.  Venue as to each Defendant, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES conduct business and commit Labor Code violations within Alameda County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Alameda County. Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employ numerous Class Members who work in Alameda County, in California.

## II.  PARTIES

### A.  Plaintiffs.

25.  At all relevant times herein, Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS are and were a resident of California. At all relevant times herein, they were employed by Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES within the last four years as a non-exempt, hourly worker in California.

26.  On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common company policies of failing to pay all straight

time and overtime wages owed.

27. On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

28. On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common policies and/or practices of failing to pay all straight time or minimum wage and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

29. On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

30. On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiffs, with accurate itemized wage statements was willful.

31. On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES failure to pay Non-Exempt Employees, including

Plaintiffs, in a timely manner, compensation owed to them upon termination of their employment with THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES was willful.

32.   On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq*.

33.   Plaintiffs and the proposed class they seek to represent are covered by, inter alia, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

**B.    Defendants**.

34.   At all relevant times herein, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES sell laboratory equipment, chemicals, supplies, and services used in healthcare, scientific research, safety, and education. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION and/or DOES have employed hourly, non-exempt employees like Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS throughout the statutory liability period to work in their facilities.

35.   On information and belief, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

36.   THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES principal place of business is in the State of California.

37.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts

referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

38.   Plaintiffs are informed and believe, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

**III.   CLASS ACTION ALLEGATIONS**

39.   Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations.

Plaintiffs also seek to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

> All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6

hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendant.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by THERMO FISHER SCIENTIFIC, INC., and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who were deducted wages for meal periods.

40.     Plaintiffs reserve the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

41.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.      **Numerosity**.

42.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION hourly non-exempt employees.

43.     Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiffs allege THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.      **Commonality.**

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

            (1)     Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES violated the *Labor Code*

and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

(2)     Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(5)     Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(6)     Whether THERMO FISHER SCIENTIFIC, INC. and

MICROGENICS CORPORATION, and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(7)    Whether THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left THERMO FISHER SCIENTIFIC, INC., and/or DOES employ or who were terminated.

(8)    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

45.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.    Typicality.**

46.    The claims of the named Plaintiffs are typical of the claims of the proposed Class. Plaintiffs and all members of the proposed Class sustained injuries and damages arising out of and caused by THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

47.    Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS were subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as STEVEN DE LA CRUZ and CYNTHIA MEGGS were subjected to the same unlawful policies and practices as all hourly non-exempts, their claims are typical of the class they seek to represent.

**D.    Adequacy of Representation.**

48.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

49. Plaintiffs are ready and willing to take the time necessary to help litigate this case.

50. Plaintiffs have no conflicts that will disallow them to fairly and adequately represent and protect the interests of the members of the class.

51. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

52. Specifically, William Turley, Esq.;David Mara, Esq.; Jill Vecchi, Esq.; Shaun Setareh, Esq.; and H. Scott Leviant, Esq.; are California lawyers in good standing.

53. Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

54. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

55. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

56. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

57. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

58. Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

59. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

E.    **Superiority of Class Action.**

60. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions

of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

61. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

62. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.    CAUSES OF ACTION

**First Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Failure to Pay All Straight Time or Minimum Wages**

63. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

64. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

65. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

66. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage

Order.

67.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

68.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

69.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

70.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

71.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

72.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

73.    Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiffs and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods.

74.    Thus, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES shave/steal earned wages from Plaintifsf and each and every member of the Class each and every day they work without a meal period and have time deducted.

75.  Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiffs and the Class members' actual time records indicated that a meal period was not taken. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiffs and Class members. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES also failed to pay for the overtime that was due pursuant to *Labor Code* 510, 515 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

76.  Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

77.  As a direct result of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

78.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Second Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and**

**MICROGENICS CORPORATION, and/or DOES: Failure to Pay Overtime**

79.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

80.    It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

81.    THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to pay overtime when employees worked over 8 hours per day and when employees worked over 40 hours per week.

82.    Plaintiffs and those similarly situated Class members were employed by THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES at all relevant times. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

83.    Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiffs' and the Class Members' actual time records indicated that a meal period was not taken. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES devised a computer program

to edit the actual hours reported by Plaintiffs and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

84.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to, commissions, non-discretionary bonuses, shift differential pay, etc., be included when calculating an employee's regular rate of pay.

85.    At all relevant times, Defendants paid Plaintiffs premium wages based on a rate of compensation that did not reflect, among other things, commissions, non-discretionary bonuses, shift differential pay, etc., as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal and/or rest periods.

86.    Plaintiffs are informed and believes, and thereupon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of paying Class Members premium wages based on rates of compensation that have not reflected commissions, non-discretionary bonuses, shift differential pay, etc. as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or rest periods.

87.    Plaintiffs and the Class Members are informed and believe and thereon allege that as a

direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiffs and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class Members. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES acted with malice or in conscious disregard of Plaintiffs' and the Class Member's rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

88.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Third Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

89.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

90.    Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

FIRST AMENDED CLASS ACTION COMPLAINT    22

91.   In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

92.   Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

93.   THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

94.   THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

95.   THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES business model was such that Non-Exempt Employees were assigned too much work and with insufficient help due to chronic understaffing to be able to take meal periods. Thus, Plaintiffs and the class would not be able to take meal periods despite the fact that Defendant and or DOES clocked out Plaintiff as if they did take 30-minute meal periods.

96.   Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not being able to take meal periods.

97.   THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or

DOES would not permit Plaintiffs and the class to take 30-minute meal periods unless specifically scheduled to or expressly told to by Defendants and/or DOES. This routinely resulted in Plaintiffs and the class members not being able to take a meal period, if at all, until after the fifth hour.

98.    THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

99.    Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES willfully violated the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

100.    As a result of the unlawful acts of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES.

101.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fourth Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

102.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

103.    THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or

DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

104.    THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

105.    In the alternative, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiffs and the class had to work through their rest periods.

106.    Throughout the statutory period, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not being able to take rest periods.

107.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fifth Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040)**

108.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

109.    *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, to itemize in wage statements and to accurately report the total hours worked and total wages earned. THERMO FISHER SCIENTIFIC, INC., and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS and members of the proposed Class.

110.    *Labor Code* section 1174 requires THERMO FISHER SCIENTIFIC, INC. and

MICROGENICS CORPORATION, and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 1174. The failure of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, and each of them, to comply with *Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

111. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failed to maintain accurate time records - as required by IWC Wage Order Nos. 9-2001(7), 9-2000(7), 9-1998(7) and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

112. As a direct result of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES unlawful acts, Plaintiffs and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* section 226.

113. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Sixth Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

114. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

115. Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS terminated their employment with THERMO FISHER SCIENTIFIC, INC. and/or MICROGENICS CORPORATION, and/or DOES.

116.  Whether Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS voluntarily or involuntarily terminated his employment with THERMO FISHER SCIENTIFIC, INC. and/or MICROGENICS CORPORATION, and/or DOES, Defendants and/or DOES did not timely pay them straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

117.  Numerous members of the Class are no longer employed by THERMO FISHER SCIENTIFIC, INC. and/or MICROGENICS CORPORATION, and/or DOES. They were either fired or quit THERMO FISHER SCIENTIFIC, INC. and/or MICROGENICS CORPORATION, and/or DOES employ. THERMO FISHER SCIENTIFIC, INC., and/or DOES did not pay all timely wages owed at the time of their termination.

118.  *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

119.  THERMO FISHER SCIENTIFIC, INC. and/or MICROGENICS CORPORATION, and/or DOES failed to pay Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *Labor Code* section 203, Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS are entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

120.  When Plaintiffs and those members of the Class who are former employees of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES separated from THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

121.    THERMO FISHER SCIENTIFIC, INC.'s and MICROGENICS CORPORATION's, and/or DOES' failure to pay said wages to Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS and members of the Class they seek to represent, was willful in that THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES and each of them knew the wages to be due, but failed to pay them.

122.    As a consequence of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES willful conduct in not paying wages owed at the time of separation from employment, Plaintiffs STEVEN DE LA CRUZ and CYNTHIA MEGGS and members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

123.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Seventh Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

124.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

125.    THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code* section 17200, et seq.

126.    The actions of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES in failing to pay Plaintiffs and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and

deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

127. Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as members of the general public actually harmed and as a representative of all others subject to THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES unlawful acts and practices.

128. As a result of their unlawful acts, THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seek to represent. THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to *Business and Professions Code* section 17203. Plaintiffs are informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiffs and members of the proposed class.

129. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the proposed class are prejudiced by THERMO FISHER SCIENTIFIC, INC.'s and MICROGENICS CORPORATION's, and/or DOES' unfair trade practices.

130. As a direct and proximate result of the unfair business practices of THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining THERMO FISHER SCIENTIFIC, INC. and MICROGENICS

CORPORATION, and/or DOES from engaging in the practices described herein.

131.  The illegal conduct alleged herein is continuing, and there is no indication that THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES will cease and desist from such activity in the future. Plaintiffs allege that if THERMO FISHER SCIENTIFIC, INC., and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

132.  Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES from continuing to not pay Plaintiffs and the members of the proposed Class overtime wages as discussed herein.

133.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Eighth Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Civil Penalties (Lab. Code §§ 2698 *et seq.*)**

134.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

135.  During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

136.  Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

137.  Plaintiffs, former employees against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

138.  Plaintiffs have complied with the procedures for bringing suit specified in Labor Code

1    section 2699.3.

2    139.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seek the following civil

3            penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223,

4            226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

5            A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3,

6                  1194 and 1198, $100 for each employee per pay period for each initial

7                  violation and $200 for each employee per pay period for each subsequent

8                  violation (penalties set by Labor Code section 2699(f)(2));

9            B.    For violations of Labor Code section 203, a penalty in an amount not

10                 exceeding thirty days pay as waiting time (penalties set by Labor Code

11                 section 256);

12           C.    For violations of Labor Code section 204, $100 for each employee for each

13                 initial violation that was neither willful nor intentional, $200 for each

14                 employee, plus 25% of the amount unlawfully withheld from each

15                 employee, for each initial violation that was either willful or intentional, and

16                 $200 for each employee, plus 25% of the amount unlawfully withheld from

17                 each employee, for each subsequent violation, regardless of whether the

18                 subsequent violation was either willful or intentional (penalties set by Labor

19                 Code section 210);

20           D.    For violations of Labor Code section 223, $100 for each employee for each

21                 initial violation that was neither willful nor intentional, $200 for each

22                 employee, plus 25% of the amount unlawfully withheld from each

23                 employee, for each initial violation that was either willful or intentional, and

24                 $200 for each employee, plus 25% of the amount unlawfully withheld from

25                 each employee, for each subsequent violation, regardless of whether the

26                 subsequent violation was either willful or intentional (penalties set by Labor

27                 Code section 225.5);

28

E.    For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.    For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.    For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

**Ninth Cause of Action Against THERMO FISHER SCIENTIFIC, INC. and MICROGENICS CORPORATION, and/or DOES: Failure to Pay Reasonable and Necessary Business Expenses (Labor Code § 2802)**

140.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

141.    An employer shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' duties, or the employees' obedience to the directions of the employer. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

142.    Defendants and/or DOES have had a continuous policy and/or practice of failing to

reimburse and/or indemnify Plaintiffs and the Class members for expenses for company and/or business related purposes.

143. Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for expenses incurred as a direct consequence of the discharge of their work duties.

144. Defendants and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for expenses incurred in direct consequence of employees' obedience to the directions of Defendant and/or DOES.

145. Defendants and/or DOES have had a continuous policy and/or practice of illegally deducting wages, earned bonuses and/or incentives from employees.

146. Said continuous policy and/or practice of failing to reimburse Plaintiffs and Class Members and deducting wages from employees is illegal under *Labor Code* sections 221, 2802, and Cal. Code Regs. Title 8, section 11090(8).

147. As a direct result of Defendants' and/or DOES' policy of failing to reimburse Plaintiffs and Class Members and deducting wages from employees, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

148. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at

trial, with interest thereon;

5.    For compensation for all time worked;

6.    For compensation for not being provided paid rest breaks;

7.    For compensation for not being provided paid meal periods;

8.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9.    For all waiting time penalties owed;

10.    For all expenses owed;

11.    That Defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

12.    That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

13.    That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

14.    That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

15.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions Code*;

16.    That Defendants enjoined from further acts of restraint of trade or unfair competition;

17.    For attorneys' fees;

18.    For interest accrued to date;

19.    For penalties for each violation of the Labor Code Private Attorneys General Act of 2004 ("PAGA");

20.    For costs of suit and expenses incurred herein; and

1      21.     For any such other and further relief as the Court deems just and proper.

2

3   Dated: November 1, 2018           **THE TURLEY & MARA LAW FIRM, APLC**

4

5

6                          William Turley, Esq.

7                          David Mara, Esq.

8                          Jill Vecchi, Esq.
Representing Plaintiffs STEVEN DE LA CRUZ and
9                          CYNTHIA MEGGS on behalf of themselves, all
others similarly situated, and on behalf of the general
10                          public.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28