# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DE LA CRUZ and CYNTHIA MEGGS, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THERMO FISHER SCIENTIFIC, INC.; MICROGENICS CORPORATION; and DOES 1-100,<br><br>　　　　　　Defendants. | Case No.: 5:17-CV-01918-DDP-SP<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Dkt. No. 66] |

## I.  RECITALS

This matter came on for hearing on July 29, 2019, in Courtroom 9C of the above-captioned Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement in the putative class action (the "Action") currently pending before this Court.

Having received and considered the Parties' Amended Joint Stipulation of Class Settlement and Release (Dkt. No. 54, filed Mar. 21, 2019) (hereinafter referred to as "Joint Stipulation" or "Settlement Agreement"), which together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement Agreement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

## II.  FINDINGS

After review and consideration of the Settlement Agreement (Dkt. No. 54) and Plaintiffs' Motion for Final Approval of Class Action Settlement and the papers in support thereof, the Court hereby finds and orders as follows:

1. Pursuant to the Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 61), a Notice of Class Action Settlement ("Class Notice") was mailed to 3,443 members of the Class ("Class Members") by first-class U.S. Mail on May 9, 2019. Two additional class members were identified on May 28, 2019 and included, increasing the total number of Settlement Class Members to 3,445.

2. The Court finds that distribution of the Class Notice in the manner set

– 1 –                5:17-CV-01918-DDP-SP
ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

forth in the preliminary approval order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.  The Class Notice procedure set forth in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and constitutes due and sufficient notice to all Class Members.

3. The Class Notice informed the Class Members of the terms of the Settlement, of their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the settlement, of their right to request exclusion from the Class and the settlement, and of the date set for the Final Approval hearing.  Adequate periods of time were provided by each of these procedures. No member of the Class filed a written objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing. Five Class Members validly requested exclusion from the Class and the Settlement. These five individuals represent 0.15% of the Class Members.

4. The Court finds and determines that the notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds

and determines that the Class Notice was the best notice practicable, which satisfied the requirements of law and due process.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies the following Class: All individuals employed by Thermo Fisher Scientific Inc. or any of its subsidiaries or affiliates, including but not limited to Microgenics Corporation, in any non-exempt position in the state of California at any point during the time period of March 6, 2013 through January 17, 2019. (Dkt. No. 54).

6. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court further finds as to the Class that:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

    c. The claims of the Class Representatives are typical of the claims of the Class that the Class Representatives seek to certify;

    d. The Class Representatives, Plaintiffs Steven De La Cruz and Cynthia Meggs, will fairly and adequately protect the interests of the Class and are, therefore, appointed as the representatives of the Class;

    e. Class Counsel, Mara Law Firm, PC (formerly The Turley & Mara Law Firm, APLC) and Setareh Law Group, will fairly

and adequately protect the interests of the Class and are qualified to represent the Class and are, therefore, appointed as attorneys for the Class for purposes of settlement; and

f. Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

7. The Court has considered the *In re Bluetooth Products Liability Litigation* ("*Bluetooth*") (9th Cir. 2011) 654 F.3d 935, 946, factors. The Court finds that Class Counsel is not receiving a disproportionate distribution of the Settlement. Moreover, if the amount of fees awarded is less than the amount requested by Class Counsel, the difference will become a part of the Net Settlement Amount which will be distributed to Participating Class Members as part of their Settlement Payments.

8. The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendants' defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

9. The Court finds that the Parties conducted adequate investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiation.

10. The Court finds that Class Counsel has extensive experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight. The Court further finds that the Class' reaction to the settlement – with no objections and five requests for exclusion – weighs in favor of granting Final Approval of the Settlement.

11. The Settlement Agreement is not an admission by Defendants, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.

12. The Court finds and determines that the individual Settlement Payments to be paid to each Participating Class Member as provided for by the Settlement are fair and reasonable.

## III. ORDER

IT IS HEREBY ORDERED as follows:

1. The Court hereby grants final approval, and orders the payment of the individual Settlement Payments to the Participating Class Members in accordance with the terms of the Settlement.

2. Due to the fact that the State of California's Department of Industrial Relations no longer accepts unclaimed settlement funds from third-party settlement administrators, CPT Group, Inc. is ordered to remit money attributable to cancelled settlement checks to the California State Controller in the name of each Settlement Class Member who did not cash the settlement check or whose check was undeliverable.

3. The Settlement Administration costs in the amount of $22,500 are approved and ordered paid to CPT Group, Inc. in accordance with the terms of the Settlement Agreement[1].

---

[1] The Court determines by a separate order the requests by Plaintiffs, the Class Representatives, through Class Counsel, for the payment of the general release payments, Class Counsel's Attorneys' Fees and Costs. Any court order regarding the application of these payments shall in no way disturb or affect this Order and shall be considered separate from this Order.

4. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

5. The Class Representatives and all Participating Class Members are permanently barred and enjoined from prosecuting against Defendants, and any of the other Released Parties, any of the Released Claims as defined in the Settlement Agreement.

6. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

7. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendants make payments to Participating Class Members in accordance with the Settlement.

8. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, Order Granting Motion for Preliminary Approval of Class Settlement, and this Order.

9. This Order shall constitute a final judgment.

10. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

**IT IS SO ORDERED.** Dated:

9/9/2019

_____
Hon. Dean D. Pregerson
United States District Court Judge